## DUNBAR et als. *v.* DINKGRAVE et als.

The Police Jury authorized its President to transfer to the Sheriff a note in payment of his fees.— *Held* : That the transfer being incomplete before the Sheriff had agreed to take it, the note was not liable to seizure under garnishment process to pay the Sheriff's debts.

It seems that the debt due by the parish to the Sheriff for fees of office is not subject to seizure under execution. C. C. 1987, C. P. 647.

APPEAL from the District Court of Ouachita, *R. W. Richardson*, J. Plaintiffs propounded interrogatories to several persons—one of whom, *John T. Ludeling*, was asked whether at the time of the service thereof, or

since, he had in his possession or under his control, individually or otherwise, " a note executed by *John T. Simmons, William A. Simmons, Francis Hassen* and *Elizabeth Gilbert*, dated about the 17th December, 1853, for four thousand dollars, and due March 1st, 1854, drawing eight per cent. per annum interest after due ? If so, state where said note is now, and to whom it was made payable, and if you have it, produce it." And, " had you at the time of the service of these interrogatories on you, or have you since, as President of the Police Jury of the parish of Ouachita, transferred to *William H. Dinkgrave*, Sheriff, and the District Attorney, the note described in the ordinance of the Police Jury approved 2d January, 1854, in pursuance to the requisites of said ordinance, a printed copy of which is hereto annexed for reference ? If so, when did you make said transfer, and what amount did you transfer to each ?— was it not one-half of said note to each? If in any other way, state it particularly."

The ordinance of the Police Jury is as follows : " Be it enacted, &c., That the first of the five notes executed by *William A. Simmons, John T. Simmons, Elizabeth Gilbert* and *Frances Hassen*, in consideration of the sale to them of the property by the agent of the parish, at the Sheriff's sale in the suit of *The State of Louisiana* v. *Edward W. Gilbert et als.*, be transferred to the Sheriff and the District Attorney, in payment of their fees. Be it further enacted, That the President of the Police Jury be and he is hereby authorized to transfer the said first note for four thousand dollars, with interest, dated 17th December, 1853, and due first March, 1854, and the mortgage to secure its payment, to the said collecting officers, and that he be authorized to take their receipts for the amounts by them collected on the bond in the above entitled cause."

In the answers of *John T. Ludeling* to the 4th interrogatory, he says : " As President or agent of the Police Jury, I had in my possession the note described in the fourth interrogatory ; but, in accordance with the ordinance of the Police Jury, I transferred it to *Robert J. Caldwell*, District Attorney, and *William H. Dinkgrave*, late Sheriff of the parish of Ouachita, and delivered it to them. Up to the time of the transfer of the note to *William H. Dinkgrave* and *Robert J. Caldwell*, I held the note as the agent of the parish under the ordinance referred to in the interrogatories, which ordered me to transfer it to them, and to take their receipt for the fees due to them by law for collecting the bond in the suit of the *State* v. *Edward W. Gilbert et al. William H. Dinkgrave* refused to receive the transfer or receipt for the fees due him until the note was delivered to him. As the Agent of the parish, acting under the said ordinance of the Police Jury, I considered it my duty to deliver the said note to *Dinkgrave* and *Caldwell*—to transfer the mortgage and take their receipt for the fees due to them. It became also necessary to deliver the note in order to complete the transaction with *R. J. Caldwell* and procure his receipt. I never had the note in any other capacity than as agent of the Police Jury of Ouachita. The note was made payable to the parish of Ouachita or bearer." Answer 5th : " I transferred said note to the persons mentioned, on the 7th of February, 1854. I transferred the whole note to both of them, stating that each owned two thousand dollars in it. I refer to my answer to the fourth interrogatory for fuller explanation. Wherefore as defendant had no property of defendants in his possession at the date of the service, and has none now, he prays to be hence dismissed at plaintiffs' costs."

*McGuire & Ray*, for plaintiffs and appellants.

*Ludeling*, for defendants.

SPOFFORD, J. There appears to be no error in the judgment discharging the garnishee *J. T. Ludeling.*

His answers were not traversed, and they are neither evasive nor inconsistent.

The note which, by the ordinance of the Police Jury, he, as the President, was authorized to transfer to the District Attorney and the Sheriff in payment of their fees, did not belong to the Sheriff *Dinkgrave* until he had agreed to take it in payment. If the note itself had been seized at any time before it actually went into his hands, it could not under the evidence have been held as the property of *Dinkgrave*.

It would also seem that the debt which the parish owed *Dinkgrave* for fees in his office of Sheriff, was not subject to seizure under execution. C. C. 1987, C. P. 647 ; *Conrey* v. *Copland*, 4 An., 307.

Judgment affirmed with costs.