CITIZENS DISCOUNT & INVESTMENT CO. v. CANATELLA, ET. ALS.

———

(April 11, 1927. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Office and Officer——Par. 1; Exemptions from Seizure—Par. 2, 3.**

The character of service performed determines whether an individual is, or is not, a public officer within the meaning of Art. 647 C. P.; exempting the salary of an officer from seizure.

2. **Louisiana Digest—Office and Officer—Par. 1.**

If he performs functions prescribed by public authority for a public purpose he is an officer.

3. **Louisiana Digest—Office and Officer—Par. 1; Exemptions from Seizure—Par. 2, 3.**

A fireman, employed by the Fire Department of the City of New Orleans, performs important public service under public authority and is, therefore, a public officer, and his salary is not subject to seizure under garnishment process.

Appeal from First City Court, Section "A". Hon. W. Alexander Bahns, Judge.

Action by Citizens Discount & Investment Company against Joseph Canatella, et al.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Marx & Levy, of New Orleans, attorneys for plaintiff, appellant.

Geo. Montgomery, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. The defendant, Edward McCrossen, a member of the Fire Department of this city, was garnisheed and his salary impounded. He opposed the seizure of his wages upon the ground that he was a public officer and, as such, his salary exempt from seizure. There was judgment for defendant and plaintiff has appealed.

Plaintiff contends, first: That the failure to mention the salary of an officer among the exemptions from seizure set out in Act 184 of 1918 amending Article 644 of the Code of Practice has the effect of subjecting the salary of public officials to seizure, and second: That a fireman is not a public officer.

The first point made by plaintiff has recently been decided adversely to plaintiff's contention by the Supreme Court in an elaborate opinion by Chief Justice O'Neill in a case coming from this court. Fisher vs. Dubroca, decided January 31, 1927, and not yet reported. In that case the court said:

"The reason why, as a matter of public policy, a public officer's salary is not subject to seizure by garnishment process against the disbursing officer is that the orderly administration of public affairs should not be hampered in that way. An officer's salary is dedicated by law to the special purpose of paying for the service that he must render to the public, and, until the fund leaves the public treasury, it must not be diverted to any other purpose at the instance of any individual. The law does not exempt a public officer's salary from seizure, or shield it from liability for his debts, as a matter of grace or favor to him. The exemption prevails only so long as the salary remains in the public treasury or in the hands of the disbursing officer. Dunbar vs. Dinkgrave, 10 La. Ann. 545."

Is a fireman an officer?

Our answer is in the affirmative.

The test of whether an individual is, or is not, an officer, within the meaning of the exemption, does not depend upon whether an official title customarily or legally associated with those who occupy prominent stations in public affairs, is conferred, but upon the character of service performed. If the functions of the individual are prescribed by public authority and exercised for a public purpose, he is a public officer.

"The term office under our Article (C. P.) 644 has reference to functions conferred by public authority and for a public purpose."

Chaudet vs. DeJong, 16 La. Ann. 400.

In Jennings vs. Trainor, No. 5182 Orl. App., this court, in holding that an employee of the City Board of Health, whose office was not specially created by law, but his duties and functions prescribed by the City Board of Health, was an officer, and as such his salary exempt from seizure, said:

"The nature of the employment is to be determined solely by the character of the duties to be performed without reference to the particular authority by which those duties are defined."

In King vs. Seymour, 5th Ct. of App. (Orl.) 78, it was held that a position neither expressly provided for by the Legislature nor ordinance of the City Council, but created and provided solely by a public board, acting within the scope of its authority, was a public office within the meaning of C. P. 647.

In Heyman vs. Maloney, No. 8767 Orl. App., it was held that an employee of the Board of Commissioners of the Port of

New Orleans (Dock Board) was an officer.

In Huntington vs. McCoy, 9045 Orl. App., it was held that the salary of the Clerk of the Criminal District Court was not subject to seizure by garnishment process against the treasurer of the City of New Orleans.

In Wheeler vs. Fire Commissioner, 46 Ann. 734, 15 South. 179, a veterinary surgeon elected by the Fire Commissioners of New Orleans was held to be an officer of the department.

In Moll vs. Sbisa, 51 Ann. 290, 25 South. 141, a clerk of the Sixth Recorder's Court appointed by the recorder was held to be a public officer. See also Duroch vs. Caillouet, No. 9873, this day decided.

We conclude that a fireman, who exercises most important functions connected with the public welfare, is unquestionably an officer within the meaning and scope of the exemption from seizure of salary due an officer under our law and jurisprudence.