INDUSTRIAL DISCOUNT CO., INC., v. SCHERER ET AL.

---

(December 10, 1928. Opinion and Decree.)

---

Guy D'Antonio, of New Orleans, attorney for plaintiff, appellant.

H. B. Curtis, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. The question presented by this appeal is whether under existing laws, the salary of a fireman, employed by the Fire Department in the City of New Orleans, is exempt from seizure.

The argument in favor of the exemption is that a fireman is a public officer, whose compensation is not subject to seizure. This Court held in Citizens Discount & Investment Company vs. Canatelle et al., 6 La. App. 147, that a fireman was a public officer and as the law then stood (1927) his salary, was exempt from seizure.

Counsel does not question the correctness of the decision referred to, at the time it was rendered, but relies upon the provisions of Act 115 of 1928, as changing the situation. Section 1 of that Act reads as follows:

"Be it enacted by the Legislature of Louisiana, That one-half of the wages or salaries of all laborers, wage earners, artisans, mechanics, engineers, firemen, carpenters, bricklayers, secretaries, bookkeepers, clerks, or employees of any kind or nature whatever, whether skilled or unskilled, whose rate of compensation does not exceed Two Hundred Fifty ($250.00) Dollars per month, is hereby declared to be exempt from seizure or garnishment. That the other one-half of said wages, salaries, or compensation of such, and the whole of such wages, salaries or compensation in excess of Two Hundred Fifty ($250.00) Dollars, is hereby declared to be not exempt, but subject to seizure and garnishment and provided further that in every case not less than Seventy Five Dollars per month shall be entirely exempt from seizure and garnishment. Provided, that the wages of common farm laborers and domestic servants shall be exempt entirely from seizure and garnishment. That in every case in which the wage or salary of a laborer, wage earner, artisan, mechanic, engineer, fireman, carpenter, bricklayer, secretary, bookkeeper, clerk or employee of any nature or kind whatever, whether skilled or unskilled, whose rate of compensation does not exceed Two Hundred Fifty ($250.00) Dollars

per month, shall be garnisheed, either under attachment or fieri facias or as otherwise provided by law, a judgment shall be rendered by the court of competent jurisdiction in which the said garnishment proceedings may be pending, fixing one-half of such wage or salary as exempt, and providing for the payment to the seizing creditor of whatever sum for which judgment may be obtained out of the one-half of such wage or salary which is not exempt."

It is contended that this provision of this act has the effect of repealing by implication the exemption from garnishment process in favor of public officers, as provided by R. C. C. Art. 1992, and C. P. Art. 647. In State ex rel. Texada vs. Capdeville, 140 La. 229, 72 So. 946, in speaking of conflicting provisions of general and special laws, the Court said: ·

"The question is always one of intention, and the purpose to abrogate the particular enactment by a later general one is sufficiently manifested when the two acts are so irreconcilably inconsistent or repugnant that both cannot stand together. Such intention may also be made to appear by the words of the general act, by the subject-matter with which the general act is concerned, by other legislation on the same matter, by the surrounding circumstances, by the purpose to be accomplished, or by anything else to which reference may properly be had for the purpose of discovering the legislative intent."

and, at another point in the opinion:

"This court has consistently held that such general repealing clauses as are quoted above do not repeal special laws on the subject dealt with in the general law, unless the provisions of the two statutes are irreconcilable. In fact, the doctrine has been stated to be that such a repealing clause as is contained in the general law in question does not repeal a special law on the subject dealt with in the general law unless the repeal by implication is necessary to give the later statute on the subject any meaning or effect."

In the case of Fisher vs. Dubroca, 163 La. 292, 111 So. 710, the Court considered the question of whether the money due to a tax assessor for salary and expense was subject to seizure, in satisfaction of his personal debts, by garnishment process against the Parish Treasurer, in view of the provisions of Act 184 of 1918, which it was claimed had repealed by implication the former laws, establishing the exemption of the salaries of public officers from seizure by garnishment process. The Court in an elaborate opinion held that the Act of 1918 had not abolished the exemption in the cited case.

The Act of 1918 construed in that case, amended and re-enacted, Section 1 of Act 79 of 1876, and Article 644 of the Code of Practice, and, repealed "all laws contrary to and conflicting with this Act and all laws on the same subject matter." The article of the Code and the Act of the Legislature referred to contained a list of exemptions from seizure, and included the salary of public officers. The amending statute reinstated most of the exemptions mentioned in those acts but failed to include the salary due to a public officer. It was argued, and it seemed to this Court as persuasive that, (the case having been taken to the Supreme Court on a writ from this Court) the failure to list the salary of a public officer among the exemptions in the amendatory act had the effect of subjecting those salaries to seizure by garnishment process.

The Supreme Court, however, held that the Act had only the effect of eliminating from Article 644 of the Code of Practice and the Act of 1876, the provisions of law expressly referred to in its text, the exemption contained in those statutes, but since other provisions of law, Article 1992 of the Civil Code and Article 647 of the Code of Practice also exempted the salary

of public officers from seizure, that no implied revocation of those other provisions was intended, or could be recognized, and this notwithstanding the fact that the act contained a repealing clause to the effect that "all laws or parts of laws conflicting with or contrary to the provisions of this act be and they are hereby repealed," and, in its title expressed the additional purpose to repeal "all laws on the same subject matter."

In the course of its opinion the Court said that an assignment of the unearned salary of a public officer was against public policy and therefore void, quoting the following from McGowan vs. The City of New Orleans, 118 La. 429, 43 So. 40, 8 L. R. A. (N. S.) 1120, 10 Am. Cas. 633:

"The principle upon which a salary is paid to an officer is not that of a contract, or that of the laborer being worthy of his hire; for the citizen owes his services free to the state in the proportion in which the state stands in need of them. But it is that the man must live, and that, if service is expected of him, he must be supplied with the means of livelihood. The law which prescribes the mode and manner in which the officer shall be thus supplied is one beyond the control of the officer, which is not within his power to nullify by private contract with one of his fellows. To illustrate the situation by a homely and somewhat exaggerated comparison: As well might one workhorse bargain away his daily allowance of oats, and then starve in the service of his owner, as an officer bargain away the means furnished for his support. The reason for allowing the salary is precisely the same which prompts the owner of the horse to furnish him daily with an allowance of oats. In both cases the sole end in view is the efficiency of the service. To deal with the matter as if the officer had a contractual right which he may bargain away is simple to misconceive the situation. The public in its own interest makes a certain regulation, and the officer is powerless to change it."

Act 115 of 1928, the act we are considering in the case at bar, in its title proclaims the purpose of "providing exemption from seizure and garnishment of a portion of the wages or salaries of all laborers, wage earners or employees of any kind, whether skilled or unskilled; and providing the procedure by which the portion not exempt, may be seized and garnisheed."

There is no where in the act any reference to public officers or their salaries. The word "fireman" is used, but the connection in which it is employed, indicates that the fireman referred to is the fireman of a locomotive, whose business is to keep the fire burning and not a fireman like the defendant in this case, a member of the fire department, whose business it is to put out the fire.

In view of the holding in the Dubroca case, concerning the public policy of the State, and the conclusions reached in that case, to the effect that the Act of 1918 by reason of its failure to include among the exemptions the salary of a public officer which had been among the exemptions included in the law, which it had repealed, did not have the effect of subjecting the salary of a public officer to seizure because two other codal provisions, established the exemptions, thus refusing to extend by implication the effect of the law beyond its express provision. We consider the principle of that case as controlling here, where, as we see it, a much stronger case is presented in favor of the exemption.

For the reasons assigned the judgment appealed from is affirmed.