CRAIN, Judge.
We have this day decided and rendered the case of M. Murrill, M.D. et. al. v. Edwin W. Edwards, Governor of the State of Louisiana, in 613 So.2d 185, (La.App. 1st Cir.1992). Because the reasons for judgment of the trial court in this case conform to our holding in Murrill, we adopt those reasons as our own and affirm the judgment of the trial judge sustaining the peremptory exception raising the objection of no right of action. We attach those reasons to this opinion as attachment # 1.
Appellants argue vehemently that as interim appointees by Governor Buddy Roemer to the Louisiana Health Care Authority (LHCA) governing board, La.R.S. 46:701 et seq., they are certainly claimants to the office as required by La.C.C.P. art. 3901, providing for a writ of Quo Warran-to, or by La.R.S. 42:71, et seq., the Intrusion into Office Act. On its face this would appear to be the case. However, the trial court initially overruled the objection of no right of action and heard the case on the merits. After hearing all the evidence the trial judge concluded that appellants actually have no legal claim to the office and therefore no right of action. There is no error in this conclusion. According to La. C.C.P. art. 931, evidence may be introduced to support a peremptory exception, raising any objection except the objection of no cause of action. After hearing all the evidence the trial court properly concluded that although these appellants certainly appear to be claimant’s, they actually have no legal basis for that claim and consequently have no right of action.
In Murrill, 613 So.2d 185, we did not specifically address the issue raised here of these interim appointees having a claim to office based on their interim appointment because they are required to serve until their successors are appointed and qualified. La.R.S. 42:2. Although that question is not specifically addressed, the issue is disposed of by our reasoning in Murrill. There we pointed out that since these are interim appointments they are governed by La. Const. Art. 4, Sec. 5(H) and when the *196 legislature adjourned without the governor having submitted the names, the appointments expired pursuant to article 4, section 5(H)(3). Once the appointments expired by constitutional mandate they cannot be resurrected by statute. Consequently, interim appointees not confirmed do not continue to serve until then successors are appointed.
We agree that appellants in this case have no right of action. Therefore it is not necessary to address the remaining issues raised in appellants’ brief. We affirm the judgment of the trial court. Appellants are assessed with all costs.
AFFIRMED.
ATTACHMENT # 1
LOUISIANA HEALTH CARE
AUTHORITY, M. MELVIN MURRILL,
M.D., AND DONALD R. MINTZ
VERSUS
SANDRA ADAMS AND FRAN BUSSIE
NUMBER 382,800 DIVISION D
19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
WRITTEN REASONS FOR JUDGMENT
This matter came before the Court on September 2, 1992, on petition for relief pursuant to the Intrusion Into Office Act[1] and for writ of quo warranto filed by plaintiffs Melvin Murrill and Donald Mintz, and exceptions of no right of action and no cause of action filed by defendants.[2] The exceptions were overruled, an evidentiary hearing on the merits was held, and the matter was reassigned to September 9, 1992, for ruling.
The essential facts in this case are undisputed. Plaintiffs Donald Mintz and Melvin Murrill were appointed by former Governor Roemer to the initial governing board of the Louisiana Health Care Authority in late 1991. Murrill and Mintz were among those appointed from a list of 36 candidates submitted by the governing council in accordance with R.S. 46:704 D(l)(a). That statute requires that the governor appoint the at-large members of the board from a “master list” of candidates, who meet certain ethnic, expertise, and geographic requirements, and whose appointments are subject to Senate confirmation.
At the time of plaintiffs’ appointments, the legislature was not in session. Governor Edwards took office in January of 1992 and did not submit plaintiffs’ names for confirmation during the last legislative session. After the legislature adjourned, Governor Edwards appointed defendants Sandra Adams and Fran Bussie as at-large members of the board.
Plaintiffs contend that they are entitled to continue functioning as board members until their successors are lawfully inducted into office.
After considering all evidence and memo-randa submitted in this case, the Court has reconsidered the exception of no right of action. Finding it has merit, the Court hereby sustains this exception for the foregoing reasons.
R.S. 42:77 provides a personal right of action under the Intrusion Into Office Act for “... any person demanding possession of the office against any person claiming or exercising the functions of the office.” Under the jurisprudence interpreting the writ of quo warranto, there is no right of action in an individual without a claim to the office challenged.[3]
Article 4, Section 5(H) of the Louisiana Constitution provides in pertinent part:
(H) Appointments.
(I) The governor shall appoint, subject to confirmation by the Senate, ... the mem *197 bers of each board and commission in the executive branch whose election or appointment is not provided by this constitution or by law.
* * * * * *
(3) If the legislature is not in regular session, the governor may make interim appointments, which shall expire at the end of the next regular session, unless submitted to and confirmed by the Senate during that session.
Plaintiffs argue that Article 4, Section 5(H) does not apply to this case because (H)(1) limits its application to appointments not provided for by law, and 46:704 expressly provides for the appointment of board members of the Louisiana Health Care Authority. Thus, according to plaintiffs, the provision of Article 4, Section 5(H)(3) pertaining to the expiration of interim appointments would also not apply and plaintiffs are entitled to remain in office until their appointed term expires or until their names are submitted to the Senate and rejected.
The Court cannot accept plaintiffs’ argument regarding the relationship of Article 4, Section 5(H) to 46:704. Such an interpretation would render the statute’s requirement of Senate confirmation meaningless. The governor could simply appoint board members and never submit their names to the Senate for confirmation. Board members could then serve an entire term without confirmation and circumvent the condition imposed by the legislature.
The better interpretation is that under Article 4, Section 5(H), the governor may appoint anyone he chooses to an executive board, subject to Senate confirmation, unless the constitution or statutes provide certain guidelines to be followed or qualifications that the appointees must have. In this case, R.S. 46:704(D) provides that the governor must choose from a list of candidates submitted by the council (or governing board for future vacancies) and who possess certain listed qualifications.
However, since the appointments are subject to Senate confirmation, the remaining provisions of Section 5(H) should apply. Section 5(H)(2)-(4) set forth a general method for obtaining Senate confirmation for appointments subject to such approval regardless of whether the appointments are provided for by law. There should be a consistent procedures to be followed with consistent consequences regarding executive appointees in order to preserve the separation of powers.
Therefore, under Section 5(H)(3), the interim appointments of plaintiffs Donald Mintz and Melvin Murrill expired at the end of the 1992 Regular Session. Plaintiffs no longer have a claim to the office of board-member of the Louisiana Health Care Authority and consequently, they have no right to bring an action pursuant to 42:71 et seq. nor an application for writ of quo warranto.
The exception of no right of action is hereby sustained. Judgment will be signed accordingly.
Baton Rouge, Louisiana, this 9th day of September, 1992.
/s/Michael E. Ponder Michael E. Ponder, Judge

. R.S. 42:71 et seq.

. The claims of the Louisiana Health Care Authority as well as defendants’ exception of lack of procedural capacity and motion to disqualify counsel have been dismissed by agreement of counsel.

. Small v. Levy, 355 So.2d 643 (4th Cir.1978), Regira v. Falsetta, 405 So.2d 850 (Cir.1981), rev. on other grounds, 405 So.2d 825 (La.1981), Lelong v. Sutherland, 134 So.2d 627 (4th Cir.1961).