I2PARRO, Judge.
Richard P. Ieyoub, Attorney General for the State of Louisiana (“the attorney general”), sought a declaratory judgment that John J. Polito, Sr. (“Mr. Polito”) is violating Louisiana’s dual office-holding laws because he is serving the Town of Independence, Louisiana, as its fire chief and as an aider-man. The district court ruled there was no violation, but ordered Mr. Polito to recuse himself from voting on matters involving the fire department budget. The attorney general appeals that judgment.
FACTS
The parties stipulated to the following ■ facts:
1. Mr. Polito is an elected alderman for Independence, Louisiana, having been first elected in March 1988, and last re-elected in March 1996.
2. Mr. Polito is the fire chief for Independence, Louisiana, an appointed office, having been appointed by the mayor and the board of aldermen. The position of fire chief is a full-time office under LSA-R.S. 42:62(4), entailing more than 35 hours of work per week. Mr. Polito has held the position of fire chief since 1979 and was most recently re-appointed in July 1996.
3. Mr. Polito received Attorney General Opinion Number 94-58 and a letter from the attorney general’s office dated September 7, 1995.[1]
4. The Independence Fire Department receives partial funding from the Town of Independence through a budget voted on by the board of aldermen, one of those being Mr. Polito. The board of aldermen and the mayor appoint the fire chief
In addition to the stipulations, the record indicates that before running for the position of alderman in 1988, Mr. Polito received an opinion from the Board of Ethics for Elected Officials, which advised him that, if elected to that position, his continued service as fire chief would not viólate the Code of Governmental Ethics. The record alsojjcontains a certified copy of the articles of incorporation of the Independence Volunteer Fire Department, Inc. This document shows the fire department was organized as a non-profit corporation on October 15,1993. The record does not indicate how the fire department was organized before that date, during the period since 1979 when Mr. Polito served as its fire chief.
The record also contains a certified copy of a “Specified Procedures Examination” of the Town of Independence, dated January 21, 1994. This examination was conducted by the legislative auditor’s office, in response to concerns expressed by some citizens of Independence. That report concluded that the Town of Independence did not comply with LSÁ-R.S. 42:63(D), the Louisiana law relating to dual office-holding, citing the two positions held by Mr. Polito.
As a result of this examination and report, the- mayor of Independence requested an opinion from the attorney general concerning the propriety of Mr. Polito’s concurrent service in both positions. In that opinion, Number 94-58, dated March 15, 1994, the attorney general stated that an elected officer of a political subdivision could not hold at the same time the full-time appointed position of fire chief in the same political subdivision, because this situation would violate LSA-R.S. 42:63(D). The attorney general’s office sent a letter to Mr. Polito in September 1995, suggesting he should resign one of his positions in order to comply with the dual office-holding laws.
In March 1996, shortly after Mr. Polito was re-elected to his position on the board of aldermen, the attorney general filed this suit for declaratory judgment and a rule to show *694 cause why Mr. Polito should not be ordered to vacate one of the two positions. Mr. Polito opposed the action. After hearing the arguments of both sides and reviewing the stipulations,. documentary evidence, and briefs submitted by the parties, the court held Mr. Polito was not violating the dual office-holding laws. The court determined that the position of fire chief was not a public office, relying on Attorney General Opinion Numbers 80-1466 and 88-556, which stated that elected | ¿members of certain city councils could serve as fire chiefs of their respective volunteer fire departments. However, to remedy any conflicts of interest or ethical violations that might arise from Mr. Polito’s voting on budgetary allowances from the Town of Independence to the volunteer fire department, the court ordered him to recuse himself from voting on any such issues. This appeal followed.
APPLICABLE LAW
The justification for prohibiting the simultaneous holding of dual or incompatible public offices is stated in LSA-R.S. 42:61(A), as follows:
It is essential to the maintenance of a democratic society that public officials and employees perform the public business in a manner which serves to promote and maintain in the general citizenry a high level of confidence and trust in public officials, public employees, and governmental decisions. The attainment of this end is impaired when a public official or employee holds two or more public offices or public jobs which by their particular nature conflict with the duties and interests of each other.
The dual office-holding statute, LSA-R.S. 42:63(D), states, in pertinent part:
No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment ... in the same political subdivision in which he holds an elective office.
LSA-R.S. 42:62(4) defines “full-time” as the period of time which a person .normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work. LSA-R.S. 42:62(2) defines “appointive office,” in pertinent part, as:
any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
The incompatible office-holding statute has additional prohibitions against holding offices or employments by the same person in combination if the incumbent of one of the offices or employments has the power to appoint the incumbent of the | Bother, if one office or employment is charged with auditing the accounts of or approving the budget of the other, or if funds received by one office or employment are turned over to the other office or position. LSA-R.S. 42:64(A)(1), (A)(5), and (A)(6). In addition to these statutes, LSA-R.S. 33:385(C) states that no member of the board of aldermen shall hold any other office or employment under the municipal government while he is a member of the board, nor may a member of the board of aldermen have a direct or indirect interest in any work, business, or conduct, the consideration of which is to be paid from the treasury of the municipality.[2]
Under LSA-R.S. 42:65(A), the attorney general, a district attorney, or any citizen may petition for a declaratory judgment against a person alleged to be holding dual or incompatible offices or employments, or holding a combination of offices or employments prohibited by law. If the court finds a person is holding offices or employments in vio *695 lation of these statutes, it shall declare the office with the term first to expire, or one of the employments, vacant and shall enjoin the person from further carrying out the duties of that office or employment. However, a person holding an elective office shall continue to serve and perform the duties of that office until his successor has qualified. LSA-R.S. 42:65(B). In addition, the court may order reimbursement to the appropriate governmental body of all compensation received by the official or employee in the vacated position during a period of time not to exceed six months preceding the filing of suit for declaratory judgment. LSA-R.S. 42:65(C).
ANALYSIS
The issue of whether fire chiefs may simultaneously serve in elected positions in their respective municipalities has been addressed by numerous attorney general opinions, with inconsistent results. Reviewing these opinions, it is apparent that each situation must be analyzed in the light of the particular facts involved, because different’ municipalities have differing relationships with the fire departments serving their ^localities. For instance, Attorney General Opinion Number 97-104 dealt with a volunteer fire chief, who was not compensated in any way and was selected by the volunteer membership at each fire station. Under these circumstances, the fire chief was not an appointee, he was not an employee, and the position was not a public office. Accordingly, the opinion concluded that the fire chief could also serve on the board of commissioners, which approved the budget for the fire district. The two opinions cited by the district court in reaching its decision in this case also determined that the position of fire chief was not a public office. See La.Atty.Gen.Op. Nos. 80-1466 and 88-556. The first of these opinions did not describe the factual situation on which it was based; in the second, the mayor, who also held the position of fire chief, served without pay in both capacities.
These factual situations differ from the instant case and from the situations underlying other attorney general opinions, which have found that the law would be violated if any elected official of the municipality also held an'employment position or a full-time appointed position as fire chief within the municipality. See, e.g., La. Atty. Gen. Op. Nos. 80-863, 87-650, 90-312, 92-61, 96-218, and 96-218a. Like our ease, these referenced opinions generally involved situations in which the full-time fire chief was appointed by the governing body of the municipality, on which he also served. If, as in our ease, that body also funded the fire department, in whole or in part, and approved the budget for that department, the incompatible office-holding provision was also implicated. Even when the fire chiefs position was not an “appointive office,” because the position was not expressly authorized by the constitution, a statute, or an ordinance, his employment in that position, while holding an elected position within the, municipality, was prohibited by LSA-R.S. 42:63(D). See La. Atty. Gen. Op. No. 90-312.
While these opinions are merely advisory, after reviewing these opinions and the applicable statutes in relation to the facts of this case, this court concludes that the district court erred in applying the law. The parties stipulated that the position of fire 17chief in Independence is a full-time, appointed office and the position of alderman is an elected position. As such, the holding of both positions in the same political subdivision is clearly prohibited by LSA-R.S. 42:63(D). The prohibitions of LSA-R.S. 42:64(A)(1), (A)(5), and (A)(6) are also violated in this instance, because the board of aldermen participates in appointing the fire chief and in approving and funding the fire department’s budget. Accordingly, the judgment of the district court must be reversed and judgment rendered to declare that Mr. Polito’s concurrent service as the fire chief and as an aider-man for the Town of Independence is a violation of law.
However, the record does not show the duration of either of these positions. Accordingly, this court cannot determine which term would be first to expire, in order to declare that office or employment vacant, as required by LSA-R.S. 42:65(B). Therefore, this case must be remanded to the district court to receive evidence on this issue only *696 and tp.make that determination. The petition did not request anything other than injunctive relief. Because further or supplemental relief may only.be granted if demanded, after notice and a hearing, no reimbursement of compensation is appropriate in this case. See LSA-C.C.P. art. 1878; State of Louisiana, Through Louisiana Riverboat Gaming Com’n v. Louisiana State Police Riverboat Gaming Enforcement Div., 95-2355 (La.App. 1st Cir. 8/21/96), 694 So.2d 316, 322.
CONCLUSION
For the above reasons, the judgment of the district court is reversed and judgment is rendered, declaring Mr. Polito is violating Louisiana’s dual and incompatible office-holding statutes. The case is remanded to the district court for the sole purpose of determining which of the two positions is tó be vacated, in accordance with the provisions of LSA-R.S. 42:65(B). The costs of this appeal are assessed against Mr. Polito.
REVERSED, RENDERED, AND REMANDED.

. Copies of these documents were attached to the petition. Both the opinion and the letter advised Mr. Polito that he was violating Louisiana’s dual office-holding laws by simultaneously serving as the fire chief and as an alderman for Independence, Louisiana.

. Certain exceptions to the prohibition contained in LSA-R.S. 33:385(C) are found in LSA-R.S. 33:381 and 33:386. However, these are inapplicable to the facts of this case.