|,CANNELLA, Judge.
Plaintiff, Gerard Foti, Sr., appeals from a judgment granting -a peremptory exception of prescription filed by the Defendants, The Board of Trustees of the Firemen’s Pension and' Relief Fund for the City of Kenner (the Board) and the City of Kenner (Kenner). We reverse and remand.
Plaintiff, a Kenner fireman, was terminated from his employment on November 1, 1990 because of a disabling physical condition unrelated to his employment. He subsequently began receiving disability pension benefits from the Board. On February 17, 1993, Kenner terminated Plaintiffs benefits.
On January 28, 2000, Plaintiff filed suit for wrongful termination and reinstatement of the disability benefits. Defendants filed exceptions of prescription.[1] Defendants argued that the action for disability pension benefits was prescribed under the three years prescriptive period of La.C.C. art. 3494. The Plaintiff opposed the exception, alleging that the applicable statute |ais La.C.C. art. 3499, which provides for a prescriptive period of ten years for personal actions not otherwise provided for by legislation.
On July 12, 2001, a hearing on the exception of prescription on the claim for pension benefits was held. The trial judge granted the exception on August 1, 2001. She found that La.C.C. art. 3494 applied and that under that statute the Plaintiff was a “public official” whose claim was one for-“emoluments” which had expired within three years of the termination of the pension benefits.
On appeal, the Plaintiff argues that the trial judge applied the incorrect prescriptive statute. He contends that La.C.C. art. 3499 applies because the claim is not one for wages, nor is he a “public official” making a claim for “emoluments.”
La.C.C. art. 3494 provides, in part:
The following actions are subject to a liberative prescription of three years:
(l) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments[2] of public officials, freight, passage, money, lodging, and board.... [Emphasis added]
La.C.C. art. 3499 states:
*235 Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years. ■
There are no cases directly on point with this issue, with these particular facts, although the parties submitted cases with some similarities.
After our review of the jurisprudence and statutes, we first conclude that the Plaintiffs’ action is not one for wages, etc. within the meaning of C.C. art. |43494. In Mastio v. Firefighters’ Pension & Relief Fund For City of New Orleans 93-1881 (La.App. 4th Cir.5/26/94), 637 So.2d 1262, 1266, the Fourth Circuit held that a suit involving pension benefits is a personal action subject to the prescriptive period of ten years. In that case, the Plaintiff was seeking increased disability pension benefits sixteen years after he was awarded the benefits.[3] While not exactly on point with this case because the issue of the applicability of C.C. art. 3494 was not raised, we agree with the holding. We further note that the Louisiana Supreme Court denied writs in that case.[4] Although the denial of the writ is not authoritative and binding, it is persuasive of the correctness of the decision.
Second, we find that the Plaintiffs claim does not fall under the “public official” section of C.C. art. 3494, Although the Plaintiff is a public employee, he is not a public “official,” under the facts of this case and within the meaning of C.C. art. 3494. In Devillier v. City of Opelousas, 247 So.2d 412, 416 (La.App. 3rd Cir.1971), the court found that firemen are not public officials and a claim by them for wages expired within the one year prescriptive period in effect at the time for a suit for wages (La. C.C. art. 3534, now 3494). The court set out some of the factors which had been used as the basis for holding that a person is a ‘public officer,’ rather than a mere ‘employee’ of a political subdivision:
(1) A portion of the sovereign function of government has been delegated to him; (2) an official oath of office was required and administered; (3) his duties and powers were prescribed by statute rather than by contract; (4) the duration or term of his employment |swas fixed by statute; and (5) the position carried a high degree of dignity and independence. 62 C-J-S. Municipal Corporations s 599, page 1234; 37 Am.Jur., Municipal Corporations, s 225, Page 856; Glendinning v. Curry, 153 Fla. 398, 14 So.2d 794 (1943); Jefferson County v. Case, 244 Ala. 56, 12 So.2d 343 (1943); State v. Dark, 195 La. 139, 196 So. 47 (1940).
See also: Landry v. City of New Iberia, 223 So.2d 922 (La.App. 3rd Cir.1969) [Firemen, including those who hold the rank of Fire Captain; are not ‘officials’ but instead are ‘employees’ of the city, within the meaning of the Louisiana Workmen’s Compensation Act.]
In Ieyoub v. Polito, 97-0796 (La.App. 1st Cir.5/18/98), 712 So.2d 692, the First Circuit found that the determination of a fire chiefs status as a public official depends on the particular facts and circumstances of each case. There, the question arose as to whether the chief was a public official, and therefore subject to the dual office holding prohibition of state law set *236 out in La. R.S. 42:63. The .court determined that he was not a public official.
In addition, the Plaintiff does not meet the requirements of any of the statutes that refer to, or define, “public officials” in the revised statutes or Civil Code. For example, La. R.S. 42:1 defines “public office” and “public official” as follows:
As used in this title [“Public Officers and Employees”], the term “public office” means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
“Public officer” is any person holding a public office in this state.
Public “officers” hold office until a successor is inducted. La.R.S. 42:2. Under Title 33, “Municipalities and Parishes,” Chapter 3 addresses the rights and | riduties of “Public Officers.” Firemen are not included in the list.
We disagree with Citizens Discount & Investment Co. v. Canatella, et al., 6 La. App. 147 (1927), cited by Defendants, which held that a fireman is a public official in regard to the garnishment of a fireman’s wages, insofar as applying it to the prescriptive statutes at issue here.
Since La.C.C. art. 3494 does not to apply to this case, the proper prescriptive period is ten years under La.C.C. art. 3499. Since Plaintiff filed his suit within ten years from the date that the benefits were terminated, his claim is timely. Thus, we find that, the trial judge erred in granting the exception of prescription based on the three year prescriptive period in C.C. art. 3494.
Accordingly, the judgment granting the peremptory exception of prescription is hereby reversed and the exception is denied. The case is remanded for further proceedings. Costs of this appeal are to be-paid by Defendants.
REVERSED AND REMANDED.

. On April 27, 2001, the trial judge considered the wrongful termination claim and on May 9, 2001, found that the claim was prescribed. That judgment was not appealed.

. Black’s Law Dictionary, 7th Edition, West Publishing Co., 1999 defines emolument as "any advantage, profit, or gain received as a result of one’s employment or one's holding of office.”

. In support of its holding, the court cited Carpenters Local Union No. 1846 of United Broth, of Carpenters and Joiners of America, AFL-CIO v. Pratt-Famsworth, Inc., 609 F.Supp. 1302 (E.D.La.1984); and State ex rel. Spann v. Board of Trustees of Police Pension Fund for City of New Orleans, 283 So.2d 294 (La.App. 4th Cir. 1973).

. Mastio v. Firefighters' Pension & Relief Fund for City of New Orleans, No. 94-C-1676 (La.10/7/94), 644 So.2d 638.