Dear Ms. Parsons:
This office is in receipt of your request for an Opinion from the Attorney General concerning the ability of commissioners on the Southern Rapid Rail Transit Commission to vote and expend travel monies or other Commission funding should their terms expire without reappointment or replacement.
I. INITIAL ANALYSIS
LA. REV. STAT. § 48:1671 creates the Southern Rapid Rail Transit Compact (as it applies to Louisiana). It specifically mandates the creation of the Southern Rapid Rail Transit Commission and delineates the composition of the Commission's membership.[1] Pertinent to Louisiana, it identifies the membership as being comprised of the Governor, a representative from the office of aviation and public transportation of the Louisiana Department of Transportation and Development, and five other Louisianans who sit on the Commission by gubernatorial appointment.[2] These appointive members serve for terms of four years each.[3] And while the Commission members are not compensated for the service to the Commission, the appointed members are entitled to actual and reasonable expenses incurred in attending meetings or incurred otherwise in the performance of their duties as members of the Commission.[4]
 II. INQUIRY
In your request, you delineated the following as your specific inquiry:
 The SRRTC respectfully requests an opinion on the ability of commissioners to vote and expend travel monies or other Southern Rapid Rail Transit Commission funding should their terms expire without reappointment or replacement.
Accordingly, you want to know whether or not members whose terms on the Commission have expired can continue performing their duties and/or expending Commission funding in doing so. It is the opinion of this office that they can.
LA. REV. STAT. § 42:1 defines "public office" as follows:
 As used in this title, the term "public office" means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
"Public officer" is any person holding a public office in this state.[5]
Based upon our understanding of the Commission, it is our position that its members (appointed by the Governor) are public officials for purposes of LA. REV. STAT. § 42:1. LA. REV. STAT. § 42:2 then pertinently states:
 Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office.[6]
Accordingly, the members of the Commission should continue to discharge the duties of their office (and accordingly vote and expend travel monies or other Commission funding as is reasonably necessary) until such time as their respective successor is inducted.
As a means of bolstering our position, we refer you to several decisions from various courts throughout Louisiana which have applied and upheld LA. REV. STAT. § 42:2.[7] Additionally, this office has previously applied and upheld LA. REV. STAT. § 42:2.[8]
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:_______________________
 DAVID A. YOUNG
 Assistant Attorney General
 CCF, JR:DAY:jv
[1] LA. REV. STAT. § 48:1671(C)(1).
[2] Id.
[3] Id.
[4] LA. REV. STAT. § 48:1671(C)(2).
[5] LA. REV. STAT. § 42:1.
[6] LA. REV. STAT. § 42:2
[7] Foti v. The Board of Trustees of the Fireman's Pension and ReliefFund for the City of Kenner, Louisiana and the City of Kenner,817 So.2d 233, 236 (La. 5 Cir.,2002); Ardoin v. Rougeau, 670 So.2d 441, (La.App. 3 Cir.,1996); Louisiana Health Care Authority, et al. v. Adams,et al., 613 So.2d 195 (La.App. 1 Cir., 1992); Small v. Guste, 383 So.2d 10111014 (La.,1980);
[8] LA. ATTY. GEN. OP. No. 02-239, 2002 WL 1825290 (La.A.G.).