Dear Mayor Langlinais:
In your letter to this office you advise that the City of Broussard is a Lawrason Act municipality, governed by the provisions of R.S. 33:321et seq. You further state that the City of Broussard Volunteer Fire Department was organized as a non-profit corporation in 1974. By municipal Ordinance 48, approved November 11, 1975, the volunteer fire department was formally recognized "as the fire fighting organization and/or fire department authorized to fight fires within the Town of Broussard." The volunteer fire department is funded by the City of Broussard and by donations it receives from the general public.
By municipal Ordinance 99-212, enacted August 24, 1999, the position of fire chief "shall be appointed by the Mayor. . . subject to the approval of the Board of Aldermen." Section 9 of Ordinance 99-212 declares that "the Assistant Fire Chief shall be elected by the members of the Broussard Fire Department in accordance with their policies, rules, regulations and bylaws".
The foregoing factual recitation is provided as background to the issue at hand: May the elected chief of police also hold the positions of assistant fire chief and serve as a board member for the Broussard Fire Department?
The Dual Officeholding and Dual Employment Laws, R.S. 42:61, etseq., are applicable where an individual contemplates holding two or more positions of employments and/or appointive offices as defined by law. Of particular relevance here is R.S. 42:63(D), stating:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, *Page 2 
or in the same political subdivision in which he holds an elective office.
R.S. 42:62(2) defines "appointive office" as:
 Any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
R.S. 42:62(3) defines "employment" as:
 Any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
R.S. 42:62(4) defines "full-time" as the period of time which a person normally works as is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work. R.S. defines "part-time" as the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in R.S. 42:62(4) as full-time.
In a Lawrason Act municipality, pursuant to R.S. 42:63(D), the law is violated in the following two scenarios: (1) where an elected chief of police or any elected official of the municipality holds any position of employment in the same municipality in which he holds elected office, or (2) where an elected chief of police or any elected official of the municipality holds a full-time appointive office in any political subdivision of the state, which would include the municipality in which he holds elected office.
While the City of Broussard has adopted the nonprofit volunteer fire department as its municipal fire department, it does not necessarily follow that every fireman is a public employee of the municipality. Those firemen who are compensated are public employees; those firemen who are not compensated are not public employees. See Attorney General Opinion 04-0002, copy attached.
Note that a volunteer fireman does not jeopardize his status as a volunteer simply because he receives, for example, reimbursement for the cost of gasoline in responding to fire alarms. R.S. 23:1036 of our state's Labor and Worker's *Page 3 
Compensation Law, R.S. 23:1021, et seq., defines volunteer firefighters as those who receive "nominal" or "no remuneration" for their services. It remains the opinion of this office that reimbursement is allowable as long as it is nominal. See Opinion 05-0097.
However, if the position of assistant fire chief of the City of Broussard Volunteer fire department is compensated, the elected chief of police is prohibited by R.S. 42:63(D) from holding the position, because he may not hold any employment, whether full-time or part-time, with the municipality.[1]
Further, the fire department board administers fire department monies. Anyone holding a compensated position with the fire department, including a salaried assistant fire chief, is prohibited from serving on the same board which employs him. R.S. 42:64(A) sets forth certain combination of offices which are deemed incompatible. As applicable herein, R.S.42:64(A)(6) states:
Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 *** (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
See also Opinion 04-0074, in which this office concluded that a paid fire chief may not serve as board member on the same fire board which employs him.
If the position of assistant fire chief is uncompensated, the chief of police of the City of Broussard would nonetheless be prohibited from holding the position of assistant fire chief, if the latter position is a full-time appointive office as defined by law. In the City of Broussard, the position of fire chief is an "appointive office" as defined by R.S.42:62(2), being created pursuant to municipal ordinance and appointed by the mayor subject to confirmation by the board of aldermen.
A fire chief holding a full-time appointive office may not also hold local elective office. The question was litigated in the Town of Independence. There, the *Page 4 
position of fire chief in Independence was determined to be a full-time, appointed office; the fire chief could not also serve as elected alderman. "As such, the holding of both positions in the same political subdivision is clearly prohibited by LSA-R.S. 42:63(D)". See leyoub vs.Polito, 712 So.2d 692 (La.App. 1st Cir. 1998); writ den., 725 So.2d 490
(La. 1998). Further, in Opinion 96-218(C), the position of fire chief was deemed a full-time appointed office; the fire chief could not also hold the local elected office of constable.
Again, if the position of assistant fire chief for the City of Broussard were a full-time appointive office as is the position of fire chief, the law would also prohibit the assistant fire chief from serving as elected chief of police. However, here we determine that the position of assistant fire chief for the City of Broussard is not an appointive office under R.S. 42:62(2) inasmuch as the assistant fire chief is selected by the volunteer membership of the fire department, and does not have to be confirmed by the board of aldermen.
Since the position of the City of Broussard assistant fire chief does not constitute appointive office, and if the position is not one of employment because it is uncompensated, the chief of police may hold the position of assistant fire chief. Indeed, this office has released several opinions which concluded that an elected local official (mayor, alderman, or chief of police) could hold the position of fire chief of a volunteer fire department where the fire chief was not an appointee, he was not an employee, and the position was not a public office.[2] In this situation, the incompatibility concerns vis-À-vis the concurrent holding of the positions of board member and assistant fire chief would become inapplicable.
However, the question as we understand it is whether the municipality may enact an ordinance prohibiting the chief of police from holding the position of assistant fire chief even in the instance where the position is not considered a public office.
An elected chief of police, as the chief law enforcement officer of a Lawrason Act municipality, has the inherent power and authority to supervise and direct the administration and day-to-day operation of the police department; the governing authority cannot infringe upon this inherent power and authority. See Lentini v. City of Kenner, 252 La. 413,211 So.2d 311 (La. 1968); Cogswell v. Town of Logansport, 321 So.2d 774
(La.App. 2nd Cir. 1975); Opinions 02-77, 02-15, 00-51, 99-27, 94-73, 93-580, 93-446, 93-13, 88-115. *Page 5 
In the opinions cited above, this office has repeatedly recognized that a chief of police is an elected official who cannot be relegated to an inferior position of a municipal employee. Thus, as an elected official and not an employee, the chief of police is not required to keep a time sheet, is not required to record and file the number of hours worked at the municipal hall, nor can his working hours be set by the board of aldermen. An ordinance which prohibits an elected chief of police from holding a position with the fire department which is neither employment nor a full-time appointive office is a prohibition that in effect attempts to set the chief's schedule and working hours. Such an ordinance infringes upon the inherent authority of the chief of police and is beyond the legislative authority of the board of aldermen. See Opinion 02-56.
Assuming the position of assistant fire chief is uncompensated, we conclude the chief of police of the City of Broussard may continue to serve in that capacity. He may also continue to serve as board member of the fire department.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 ATTACHMENT JUL 19 2004 Opinion Number 04-0002 Honorable Charles E. Langlinais Mayor, City of Broussard 418 East Main Street Broussard, LA 70518
90-A-2 Public Funds — Loan, Pledge or Grants
Article 7, Section 14 of the Louisiana Constitution
Broussard Volunteer Fire Department's purchase of gift certificates for its members may have been inappropriate.
Dear Mayor Langlinais:
The City of Broussard Volunteer Fire Department is funded by the City of Broussard and by donations it receives from the general public. The donated funds are kept in a separate account from those funds appropriated by the City. The fire department recently purchased gift certificates for its members as a token of appreciation for their past services and work in the community. You question whether or not the fire department may do this.
In sum, we believe that the purchase of gift certificates may have been inappropriate. We understand that some of the members of the Broussard Volunteer Fire Department are compensated and, therefore, are public employees. As such they may only receive compensation and/or benefits that they have earned. Public employees are not allowed to receive bonuses or any other type of gratuitous, unearned payment. A bonus is an additional payment for past services rendered as opposed to a salary increase for future services.
These gift certificates were purchased with public funds and given to the members as a token of appreciation for their past services, i.e. a bonus. Article 7, Section 14 of the Louisiana Constitution specifically prohibits the donation of public funds. A bonus is a donation.
For those members who are not compensated, we believe the purchase of gift certificates may be appropriate. These members are not public employees.[1] The donors may simply specify that the donated funds be used to compensate the volunteers or the donors may make direct donations to the department or members. We do, however, recommend that you discuss this with the Louisiana Board of Ethics. *Page 2 
We trust that this adequately responds to your request. If you have any questions or comments, please contact or office. With kindest regards.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY:_____________________ TINA VICARI GRANT Assistant Attorney General
 CCF, jr./TVG/dam
[1] This office has released opinions affirming the foregoing. See Opinion 80-863 in which the fire chief was compensated by the municipality; because the fire chief held municipal employment, he could not also serve as elected alderman. Further, in Opinion 90-312, the elected chief of police of Minden could not also be fire chief, as the latter position was, again, compensated municipal employment.
[2] In Opinion 02-0249, the mayor and alderman could serve as volunteers in the fire department. None of the officials could be considered "employed" for purposes of the dual officeholding law because the positions with the fire department were unpaid. In Opinion 88-556, the mayor and a member of the city council could each serve as fire chief of the village volunteer fire department administered by the village, as the position of fire chief was unpaid. In Opinion 80-1525, the mayor and members of the board of aldermen could concurrently serve as chief and members of the Jackson Volunteer Fire Department. The positions with the fire department were uncompensated. Finally, in Opinion 80-1466, the Mayor of the Town of Franklin could serve as fire chief of the municipal volunteer fire department. The position of the fire chief was not a public office or employment.
[1] Attorney General Opinion Number 97-104.