638 So.2d 645 (1994)
Sylvia GRABERT
v.
IBERIA PARISH SCHOOL BOARD,
Melvin A. SMALL
v.
IBERIA PARISH SCHOOL BOARD.
No. 93-C-2715.
Supreme Court of Louisiana.
July 5, 1994.
*646 Michael Joseph Juneau, Juneau, Judice, Hill & Adley, Lafayette, for applicant.
James Isaac Funderburk, Funderburk & Herpin, Abbeville, Kenneth Warren DeJean, Lafayette, for respondent.
CALOGERO, Chief Justice.[*]
Plaintiffs are tenured supervisory level employees who work under four year employment contracts with the Iberia Parish School Board. The contracts indicate the respective positions of employment but they do not reflect the salary to be paid for the positions. Their lawsuits, filed about six months apart, contend that the Board breached the respective contracts by paying them less than they were due under the appropriate salary index. They sought recovery of the underpaid wages retroactive to the date of entitlement.
The Board pled prescription, relying on Louisiana Civil Code Article 3494 and its three year limitation on suits filed for recovery of past due wages. The Board received a favorable partial summary judgment in the district court. The court of appeal reversed, 625 So.2d 574; 625 So.2d 578. They concluded that plaintiffs' respective causes of action were for breach of contract, a personal action, which in their view, prescribes in ten years under Louisiana Civil Code of Civil Article 3499.
We granted the Board's writ application to examine the court of appeal's decision that Plaintiffs' claims are not subject to the three year prescriptive period provided in article 3494[1], but rather the ten year prescription for personal actions under article 3499.[2]
Plaintiffs, and the court of appeal, would have us believe that article 3494's three year prescriptive period for past wages is not applicable here because their action for breach of contract is distinguishable from a claim for past due wages.
The answer appears to be simple enough. A petition claiming breach of contract by the payment of wages less than what is due and seeking judgment for the underpaid wages is clearly a cause of action asserting the right to recover unpaid wages. Breach of contract is not a free standing cause of action. It is a legal premise, or principle, which gives rise to the right to claim some substantive remedy at law. Here that remedy is the recovery of past due wages.
*647 The actions are plainly for salary or wages past due under the allegedly appropriate salary index. The three year prescription provided for in article 3494 is directly and explicitly applicable. The nature of the claim (for under paid wages) is not something different because it arises out of breach of contract. The contract breached made provisions for the very wages sought.
This petition to recover underpaid "compensation for services rendered" is admittedly a personal action as defined by Louisiana Civil Code of Procedure article 422.[3] However, the ten year prescriptive period set forth in article 3499, is only applicable to personal actions "unless otherwise provided for by legislation." La.Civ.Code art. 3499 (West 1994). The prescriptive period for the instant consolidated suits for the recovery of underpaid wages is otherwise provided for in article 3494, for that article, as earlier indicated, provides a three year prescriptive period for personal actions seeking "compensation for services rendered."
Starns v. Emmons, 538 So.2d 275 (La. 1989), is a case which, by analogy, supports our decision in this case. In that case there was a demand for rent arrearages in a petition alleging a breach of contract. Plaintiffs argued that "the inclusion of a demand for rent arrearage in a petition alleging breach of contract does not give the suit the character of an action to recover rent" and further, "because the entire action sounds in contract, the ten year period of article 3499, not the three year prescription of article 3494, should apply." Id. at 277-78. This Court dismissed plaintiffs argument reasoning that all actions covered by article 3494 are grounded in contractual relationships. Id. "Article 3494 does not present a choice between a contract remedy and some other remedy; it merely provides exceptions to the general rule stated in article 3499 that a personal action prescribes in ten years."
In the instant case, the Plaintiffs' consolidated suits are simply actions to recover past due salaries in accordance with the appropriate salary index. Although Plaintiffs urge that their claims deal exclusively with interpreting their rights under their respective employment contracts this argument is unpersuasive as virtually all claims for wages arise out of breach of a contract, oral or written, to pay wages for services rendered. Accordingly, the employer's failure to pay the full and proper compensation for services provided gives rise to an action for breach of contract for which the remedy is recovery of wages.[4]
For the reasons expressed above the applicable prescriptive period in this suit for underpaid wages is three years under Civil Code article 3494.

DECREE
Accordingly, the judgment of the court of appeal is reversed and that of the district court reinstated.
JUDGMENT OF THE COURT OF APPEAL REVERSED; JUDGMENT OF THE DISTRICT COURT REINSTATED.
WATSON, J., dissents believing the court of appeal was correct.
NOTES
[*] Ortique, J., not on the panel. Rule IV, Part 2, § 3. Judge Charles A. Marvin, Chief Judge, Court of Appeal, Second Circuit, sitting in place of Justice James L. Dennis.
[1] "The following actions are subject to a liberative prescription of three years: (1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees ..." La.Civ.Code Ann. art. 3494 (West 1994).
[2] "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." La.Civ.Code Ann. art. 3499 (West 1994).
[3] In pertinent part, article 422 provides "[a] personal action is one brought to enforce an obligation against the obligor, personally and independently of the property which he may own, claim or possess."
[4] In addition to the court of appeal's decision being wrong as a matter of law, the decision conflicts with the more sound decision of the First Circuit in Achord v. City of Baton Rouge, 489 So.2d 1373 (La.App. 1st Cir.1986), writ denied 493 So.2d 641 (La.1986). In Achord, presented with a similar factual situation, the court concluded that article 3494's three year prescriptive period applied to plaintiff's claim for past due increases in salary. It should be noted, however, that the issue before the court was not whether the 10 year or 3 year prescriptive period applied. The issue there was whether article 3494 should be applied retroactively. The court simply applied the three year period without discussion.