# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 95-30469
Summary Calendar

GASTON L. HORAIST, III,

Plaintiff-Appellant,

versus

ATMOS ENERGY CORP.; TRANS LOUISIANA
GAS CO., d/b/a Atmos Energy Corp.,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Louisiana
(CV-94-0885-L)

December 13, 1995

Before POLITZ, Chief Judge, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Gaston L. Horaist, III appeals an adverse summary judgment on his Cost of

Housing Adjustment (COHA) claim. Finding neither error nor abuse of discretion, we

affirm.

**BACKGROUND**

In May of 1993 Horaist's employment was terminated by his employer, Trans

Louisiana Gas Company, an operating division of Atmos Energy Corporation. On May

---

[*]Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

17, 1994, Horaist filed a lawsuit against Atmos and Trans Louisiana seeking recovery under theories of wrongful termination, age discrimination, and breach of contract. The defendants filed a motion for summary judgment which the district court granted. Horaist timely appealed.

## ANALYSIS

Horaist's brief addresses the dismissal of only one of his claims, namely that the defendants breached a contract to provide monthly COHA payments. We therefore consider only that issue, deeming all other issues embraced by the summary judgment to be abandoned.[1]

The COHA payments which are the object of Horaist's breach of contract claim arise out of his employment-related move in 1980 from Pineville to Lafayette, Louisiana. In consideration for Horaist having made this move Trans Louisiana agreed to provide him with the COHA payments as long as he remained employed by the company. In December of 1988, however, Trans Louisiana, after giving notice, discontinued the COHA payments, an action which Horaist claims breached the employment contract. The district court, applying Louisiana law,[2] found that the claim had prescribed. We review that determination *de novo*.[3]

Horaist contends on appeal that the district court erred in applying to his claim the three-year prescriptive period set out in Civil Code article 3494(1),[4] positing that instead

---

[1]*Feldt v. Mentor Corp.*, 61 F.3d 431 (5th Cir. 1995).

[2]The correctness of this choice of law is not disputed by the parties.

[3]Weyant v. Acceptance Ins. Co., 917 F.2d 209 (5th Cir. 1990).

[4]**Art. 3494. Actions subject to a three year prescription**
The following actions are subject to a liberative prescription of three years:
(1) An action for the recovery of compensation for services rendered, including

the district court should have applied the general default period of ten years set forth in Civil Code article 3499.[5] Horaist's premise is that the COHA payments were not compensation for employment but, rather, were derived from some other contractual arrangement, the specifics of which are unclear.[6] Therefore, Horaist contends, article 3494, which deals only with actions for the recovery of wrongly withheld compensation, is inapposite, and the ten-year prescriptive period applies.

The district court found that the COHA payments were a component of Horaist's employment contract, part of a compensation package whose delivery was contingent upon Horaist's continued employment. The record reveals that this finding, and the legal conclusion which flows from it, are correct; as the Louisiana Supreme Court has observed, "the employer's failure to pay the full and proper compensation for services provided gives rise to an action for breach of contract for which the remedy is recovery of wages."[7] Horaist's claim is such a cause of action and it is therefore governed by the three-year prescriptive period of Civil Code article 3494.[8] The district court did not err.

---

payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board.

[5]**Art. 3499.  Personal action**
    Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.

[6]Horaist states in brief that "[t]hese COHA payments were not made under a contract of employment and are not payments for labor or wages. These are payments for a contract to move from Pineville, Louisiana to Lafayette, Louisiana." It is unclear why Trans Louisiana would have wanted to make this hypothetical contract, the only cause which would reasonably support such a contract was already addressed in the employment contract, *i.e.*, to compensate Horaist for services rendered.

[7]*Grabert v. Iberia Parish School Bd.*, 638 So.2d 645, 647 (La. 1994). *See also Achord v. City of Baton Rouge*, 489 So.2d 1373 (La.App.1 Cir. 1986), *writ denied*, 493 So.2d 641 (La. 1986).

[8]*Id*.

3

Judgment AFFIRMED.