752 So.2d 981 (2000)
Ralph BURAS
v.
Darryl M. SCHULTZ, et al.
No. 99-CA-1997.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 2000.
Writ Denied April 28, 2000.
*982 Wayne M. Babovich, Bradley J. Chauvin, M. Brent Hicks, The Law Offices of Babovich and Spedale, L.L.P., Metairie, Louisiana, Attorneys for Plaintiff/Appellant, Ralph Buras.
Richard P. Ieyoub, Attorney General, Melinda M. Tucker, Assistant Attorney General, New Orleans, Louisiana, Attorneys for Defendant/Appellee, Darryl Schultz.
(Court composed of Judge WILLIAM H. BYRNES, III, Judge PATRICIA RIVET MURRAY and Judge ROBERT A. KATZ).
MURRAY, Judge.
Ralph Buras, a former court reporter, filed this suit against the Judicial Administrator and Judges of Orleans Parish Criminal District Court, as well as the State of Louisiana, to recover money allegedly owed for transcripts he had prepared as a court employee. The trial court maintained the defendants' exception of prescription because Mr. Buras had failed to assert his claims within three years from the date the services were rendered. Mr. Buras appeals, contending that under his contract of employment, he had ten years in which to sue for unpaid compensation. For the reasons assigned, we reverse and remand for further proceedings.

FACTS AND PROCEEDINGS BELOW
The pleadings and evidence in the record establish that Mr. Buras was employed as one of two court reporters for Section "A" of Orleans Parish Criminal District Court from July 1986 to November 1993. In accordance with La. R.S. § 13:1373, he was paid a regular monthly salary for recording all proceedings. In addition, the statute required him to furnish transcripts of those proceedings whenever necessary for appellate review, for which he was separately compensated at a specified rate. Payment for transcripts furnished for indigent defendants is provided for in a separate statute, La. R.S. § 13:1381.1, as follows:
Indigent transcript fund; reporter's fees
A. The auditor for the Criminal District Court for the parish of Orleans *983 shall establish an indigent transcript fund for the deposit of all monies that may be received under the provisions of this Section relative to the payment of court reporter fees for transcripts prepared for indigents. All funds received and deposited therein shall be used and paid out solely to compensate court reporters for the preparation of all transcripts for indigent defendants, including bills of exceptions, trials, motions, hearings on writs, and all court proceedings.
B. Court reporters shall be paid two dollars and fifty cents per thirty-one line page for such work, if funds are available, all such payments to be made from the indigent transcript fund by the auditor of the Criminal District Court for the parish of Orleans. In the parish of Orleans, an additional cost of fourteen dollars may be taxed against every non-indigent defendant who is convicted after trial or after a plea of guilty or who forfeits his bond in connection with any other criminal offense.
Elizabeth Stogner, a former Deputy Judicial Administrator, became the Judicial Administrator of Criminal District Court in the Spring of 1998.[1] She explained at her deposition that when a reporter completed a transcript ordered on behalf of an indigent defendant, an invoice for the amount due was submitted to the judge of that Section for approval. Once the invoice was signed by the judge, it was brought to the Administrator's office, checked for mathematical accuracy, then placed in date order, oldest first, in a file bearing that court reporter's name. Each month, when money was received for that Section of court from costs taxed pursuant to R.S. § 13:1381.1 B, the amount collected was divided between the two court reporters for that Section, then applied toward the oldest invoice(s) for each. A check would then be issued to each reporter against the "Criminal Court Indigent Transcript Fund," with a notation on the check of the case number(s) shown on the invoice(s) being paid. If a particular invoice was being paid only in part, the Administrator also wrote the remaining balance on the check as an indicator that that amount would be paid later, when additional court costs had been collected.
At the time Mr. Buras resigned his position at Criminal District Court on November 12, 1993, invoices dating back to 1989 remained unpaid. He subsequently received at least three transcript checks in early 1994, with the last dated May 9, 1994.[2] Mr. Buras alleges, however, that after this date, employees in the Judicial Administrator's office repeatedly assured him that he would eventually be paid for all transcripts. Additionally, he asserted in an affidavit submitted on the exception that in April 1997, the Administrator's office provided a total for the outstanding invoices on file and that he "was again promised that the amounts would be paid."
Mr. Buras filed this suit for payment on April 4, 1997, asserting that he was owed $20,954.50 plus legal interest, "attorney fees pursuant to LSA-R.S. 9:2781 and Title 23, and all cost of these proceedings...." The Louisiana Attorney General's office subsequently filed this exception of prescription on behalf of all defendants, asserting that the three-year prescriptive period for suit on an open account had lapsed. The defendants also denied any acknowledgement of the debt, arguing that payment of one invoice in May 1994 would not interrupt prescription as to other invoices. The trial court agreed that the action was thus prescribed and, in the judgment now at issue, maintained the exception and dismissed all claims.

*984 ARGUMENTS AND DISCUSSION
Mr. Buras argues that although his petition referenced the Open Account Statute, La. R.S. § 9:2781, as a basis for an award of attorney fees, his claim does not arise under this provision because there was no voluntary, arms-length extension of credit. He contends instead that he is asserting a personal action under his contract of employment, subject to a ten-year prescriptive period under Civil Code article 3499. Mr. Buras further claims that even if the three-year limitation applies, prescription was interrupted by the defendants' repeated acknowledgments that the payments were due, both by the successive payments on "old" invoices into 1994 and by the oral assurances of payment that continued into 1997. Because Article 3466 provides that prescription commences anew after an interruption by acknowledgement, Mr. Buras maintains that the defendants' exception must be overruled.
The defendants argue, however, that the trial court's determination that this was a suit on an open account was fully supported by the pleadings and evidence submitted. Specifically, Mr. Buras followed the procedures set forth in La R.S. § 9:2781 by submitting periodic invoices and by sending a written demand letter by certified mail prior to filing suit, and he is seeking payment for "professional services" as referenced in subsection C of the statute. The defendants further assert that Mr. Buras cannot prove any interruption of prescription because payment of one invoice is not an acknowledgement of a debt represented by another invoice, nor is a partial payment an acknowledgement of an entire debt. Therefore, all of the plaintiff's claims prescribed no later than November 1996, three years after submission of his last invoice, and the judgment below should be affirmed.
Based upon the allegations and evidence summarized above, we find that the determination that this is a suit on open account was manifestly erroneous. It is undisputed that Mr. Buras was an employee of the Orleans Parish Criminal District Court, and thus subject to the provisions of La. R.S. §§ 13:1373, 1373.1 and 1381.1. These statutes expressly provide that, in addition to a regular salary for recording all proceedings, each court reporter "shall be entitled to be compensated" for the preparation of transcripts. Ms. Stogner testified that the duty to furnish transcripts is not only imposed by statute, but that a court order is generally issued to the reporter to prepare a transcript on behalf of an indigent defendant. Thus, the court reporters cannot decline to furnish a transcript until funds are available for payment. Under these facts, Mr. Buras' claim is clearly an action by an employee to recover compensation for services rendered rather than a suit on an open account. See Acme Window Cleaners, Inc. v. Natal Construction Co., Inc., 95-0448 (La.App. 4th Cir.8/23/95), 660 So.2d 926, and cases cited therein.
Although this claim does not arise under the Open Account Statute, there is, nevertheless, no error in the trial court's determination of the applicable prescriptive period. Civil Code article 3494(1) specifies that a claimant has three years in which to file "[a]n action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board." Mr. Buras' argument that the ten-year period for suit on a contract is applicable was rejected in Grabert v. Iberia Parish School Board, 93-2715 (La.7/5/94), 638 So.2d 645. As the Supreme Court made clear in Grabert, Article 3499's ten-year prescriptive period applies only if the claim is not provided for in another article. In this case, as in Grabert, the claim is clearly one "for the recovery of compensation for services rendered," as specified in Article 3494. Therefore, Mr. Buras had three years in which to sue for the amounts at issue here.
*985 Having determined that Article 3494 supplies the applicable prescriptive period, we look to Article 3495 for the point at which the three-year period began to run. That provision states in part that "[t]his prescription commences to run from the day payment is exigible." Black's Law Dictionary (5th ed.1979) defines exigible as "[d]emandable; requirable," and defines an exigible debt as "[a] liquidated and demandable or matured claim." In this case, the evidence establishes that the court reporters at Criminal District Court could neither expect nor demand payment for indigent defendant transcripts until sufficient court costs were collected in that Section of court and deposited into the appropriate account. Therefore, under these facts, the three-year prescriptive period did not begin to run until the funds were available to the Judicial Administrator for payment of the outstanding invoices.
Mr. Buras presented evidence that he received his last regular transcript payment on May 9, 1994.[3] Based upon Ms. Stogner's description of the payment process, this check represented compensation, in full or in part, for the oldest invoice he had submitted, and would have depleted all funds then available for Section "A" indigent defendant transcripts. Therefore, this April 1997 suit was timely because it was filed within three years of the date the Judicial Administrator would have had additional funds available, i.e., the date Mr. Buras' claim for further payments became exigible.

CONCLUSION
Mr. Buras seeks to recover compensation for services he was required to render as a court reporter employed at Orleans Parish Criminal District Court. Our law requires that such a claim be asserted within three years of the date that the debt becomes due and payable. Because any payment for indigent defendant transcripts was dependent upon the availability of funds, the three-year prescriptive period on Mr. Buras' claim commenced, at the earliest, on May 9, 1994. Accordingly, his action had not prescribed when this suit was instituted. For these reasons, the judgment maintaining the defendants' exception and dismissing this suit is reversed, and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Although not reflected in the record, it appears that Darryl M. Schultz, the former Judicial Administrator named a defendant in this suit, retired in early 1998.
[2] These three checks, attached as exhibits to Ms. Stogner's deposition, show that they were signed by the Section "A" judge rather than the Judicial Administrator.
[3] Mr. Buras later received payment in November 1997 for a Section "G" transcript, but that check was issued against the Judicial Expense Fund, not the Indigent Transcript Fund.