GORBATY, Judge.
In this appeal, defendants Darryl M. Schultz[1] et al. contend that the trial court erred in granting the motion for summary judgment filed by Ralph Buras. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

Plaintiff Ralph Buras was employed as one of two court reporters for Section “A” of Orleans Parish Criminal District Court from July 1986 to November 1993. In accordance with La. R.S. 13:1373, he was paid a regular monthly salary for recording all proceedings. He also received payment from the requesting party for transcripts he prepared. Compensation for transcripts furnished for indigent defendants was to be paid out of an indigent transcript fund described in La. R.S. 13:1381.1, as follows:
Indigent transcript fund; reporter’s fees
A. The auditor for the Criminal District Court for the parish of Orleans shall establish an indigent transcript fund for the deposit of all monies that may be received under the provisions of this Section relative to the payment of court reporter fees for transcripts prepared for indigents. All funds received and deposited therein shall be used|?and paid out solely to compensate court reporters for the preparation of all transcripts for indigent defendants, including bills of exceptions, trials, motions, hearings on writs, and all court proceedings.
B. Court reporters shall be paid two dollars and fifty cents per thirty-one line page for such work, if funds are available, all such payments to be made from the indigent transcript fund by the auditor of the Criminal District Court for the parish of Orleans. In the parish of Orleans, an additional cost of fourteen dollars may be taxed against every non-indigent defendant who is convicted after trial or after a plea of guilty or who forfeits his bond in connection with any other criminal offense.
During the course of his employment as a court reporter for Section “A” of Criminal District Court, plaintiff prepared numerous transcripts for indigents and submitted invoices to the court. When Mr. Buras resigned his position at Criminal District Court on November 12, 1993, invoices dating back to 1989 remained unpaid. He subsequently received at least three transcript checks in early 1994, with the last dated May 9, 1994.[2]
Plaintiff filed suit to recover the $20,954.50 remaining due on April 4, 1997. Defendants subsequently filed an exception of prescription, which was sustained by the trial court. On February 9, 2000, this Court reversed and remanded the matter to the trial court. Defendants applied for a writ of certiorari to the Louisiana Supreme Court, which was denied. Thereafter, on June 8, 2000, plaintiff filed a motion for summary judgment seeking judgment against the defendants for the monies due, penalty wages, court costs, judicial interest, and attorneys’ fees. Af *665 ter a hearing, the trial court granted the motion. Defendants subsequently filed this appeal.
| ¿DISCUSSION
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Guy v. McKnight, 99-2284 (La.App. 4 Cir. 2/16/00), 753 So.2d 955, 957, writ denied, 2000-0841 (La.6/16/00), 764 So.2d 963; Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182.
Summary judgment is properly granted only if the pleadings and evidence show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966(C). Article 966 has recently been amended; the burden of proof remains with the mover to show that no genuine issue of material fact exists. Now, however, once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to present evidence of a material factual dispute mandates the granting of the motion. See Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691. We must review the summary judgment with reference to the substantive law applicable to the case. To affirm summary judgment, we must find that reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court. Washington v. State, Dept. of Transp. & Development, 95-14 (La.App. 3 Cir. 7/5/95), 663 So.2d 47.
Defendants assert there must be acknowledgement of the entire debt to interrupt prescription. They aver that since genuine issues of material fact remain |4as to whether defendants acknowledged the entire debt, the trial court erred in granting the motion for summary judgment. Elizabeth Stogner, the Judicial Administrator of Criminal District Court, stated in her deposition that the last payment to the plaintiff was compensation, in whole or in part, for the oldest invoice submitted. Defendants argue that payment of that specific invoice does not interrupt the running' of prescription with respect to other invoices. Further, partial payment of a particular invoice is not an acknowledgement of that debt. Therefore, defendants contend, the trial court wrongly rendered judgment against defendants for the entire amount claimed by plaintiff.
We disagree. Earlier, in Buras v. Schultz, 99-1997 (La.App. 4 Cir. 2/9/00), 752 So.2d 981, writ denied, 2000-0727, 760 So.2d 1178 (La.4/28/00), this court found that plaintiffs cause of action was not prescribed, stating:
[W]e find that the determination that this is a suit on open account was manifestly erroneous. It is undisputed that Mr. Buras was an employee of the Orleans Parish Criminal District Court, and thus subject to the provisions of La. R.S. §§ 13:1373, 1373.1 and 1381.1. These statutes expressly provide that, in addition to a regular salary for recording all proceedings, each court reporter “shall be entitled to be compensated” for the preparation of transcripts. Ms. Stogner testified that the duty to furnish transcripts is not only imposed by statute, but that a court order is generally issued to the reporter to prepare a transcript on behalf of an indigent defendant. Thus, the court reporters cannot decline to furnish a transcript until funds are available for payment. Under *666 these facts, Mr. Buras’ claim is clearly an action by an employee to recover compensation for services rendered rather than a suit on an open account. See Acme Window Cleaners, Inc. v. Natal Construction Co., Inc., 95-0448 (La.App. 4th Cir.8/23/95), 660 So.2d 926, and cases cited therein.
Although this claim does not arise under the Open Account Statute, there is, nevertheless, no error in the trial court’s determination of the applicable prescriptive period. Civil Code article 3494(1) specifies that a claimant has three years in which to file “[a]n action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board.” Mr. Buras’ argument that the ten-year period for suit on a contract is applicable was rejected in Grabert v. Iberia Parish School Board, 93-2715 (La.7/5/94), 638 So.2d 645. As the Supreme Court made clear in Grabert, Article 3499’s ten-year prescriptive period applies only if the claim is not provided for in another article. In this case, as in Grabert, the claim is clearly one “for the recovery of compensation for services rendered,” as specified in Article 3494. Therefore, Mr. Buras had three years in which to sue for the amounts at issue here.
Having determined that Article 3494 supplies the applicable prescriptive period, we look to Article 3495 for the point at which the three-year period began to run. That provision states in part that “[t]his prescription commences to run from the day payment is exigible.” Black’s Law Dictionary (5th ed.1979) defines exigible as “[d]emandable; requirable,” and defines an exigible debt as “[a] liquidated and demandable or matured claim.” In this case, the evidence establishes that the court reporters at Criminal District Court could neither expect nor demand payment for indigent defendant transcripts until sufficient court costs were collected in that Section of court and deposited into the appropriate account. Therefore, under these facts, the three-year prescriptive period did not begin to run until the funds were available to the Judicial Administrator for payment of the outstanding invoices.
Mr. Buras presented evidence that he received his last regular transcript payment on May 9, 1994.[3] Based upon Ms. Stogner’s description of the payment process, this check represented compensation, in full or in part, for the oldest invoice he had submitted, and would have depleted all funds then available for Section “A” indigent defendant transcripts. Therefore, this April 1997 suit was timely because it was filed within three years of the date the Judicial Administrator would have had additional funds available, ie., the date Mr. Buras’ claim for further payments became exi-gible.
[[Image here]]
Our law requires that such a claim be asserted within three years of the date that the debt becomes due and payable. Because any payment for indigent defendant transcripts was dependent upon the availability of funds, the three-year prescriptive period on Mr. Buras’ claim commenced, at the earliest, on May 9, 1994. Accordingly, his action had not prescribed when this suit was instituted.
Id. at pp. 4-7, 984-5.
This Court has already determined that the plaintiffs claim is one to recover com *667 pensation for services rendered, and that prescription began to run from the day the debt was exigible. The earliest the prescriptive period could have commenced was May 9, 1994; since suit was filed less than three years after that, [ fiall the invoices included in the claim are timely. Thus, whether or not defendants acknowledged the entire debt is irrelevant.

CONCLUSION

No genuine issues of material fact exist. Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

TOBIAS, J., concurs.
JONES, J., dissents.

. Although not reflected in the record, it appears that Darryl M. Schultz, the former Judicial Administrator of the Orleans Parish Criminal District Court named a defendant in this suit, retired in early 1998.

. These three checks, attached as exhibits to Ms. Stogner's deposition, show that they were signed by the Section "A” judge rather than the Judicial Administrator.

. Mr. Buras later received payment in November 1997 for a Section "G” transcript, but that check was issued against the Judicial Expense Fund, not the Indigent Transcript Fund.