Dear Mr. Bergeron:
This office is in receipt of your request for an Attorney General's opinion regarding possible satisfaction, by the Terrebonne Parish Consolidated Government, of a prescribed obligation for firemen's miscalculated vacation time. Specifically, your letter states:
 "The Parish has previously miscalculated vacation time for firemen. The firemen in question have not filed suit. However, in the interest of fairness, the parish is pursuing the possibility of reimbursing the firemen for time that was denied them due to this miscalculation. The prescriptive period according to La.Civ. Code art. 3494 is three years. The Parish is presently exploring the possibility of reimbursing the firemen for a period that would extend beyond that three-year period. The problem with calculating vacation time has been rectified so the current policy of vacation pay calculation is not at issue.
Again, no suit has been filed and the only question presented is this:
 Can the Parish reimburse the firemen for lost vacation days even though part of the period sought to be reimbursed would be prescribed if suit were to be brought, without running afoul of the "prohibited donations" clause in the Louisiana Constitution?"
As you are aware, C.C. Art. 3494 provides for a liberative prescription of three years for actions seeking recovery of compensation for services rendered, including payment of salaries, wages, commissions, et. al. We also draw your attention to Grabert v. Iberia Parish School Board,638 So.2d 645 (La. 1994), wherein the plaintiff filed suit seeking past wages due under her employment contract. The plaintiff's suit was filed over three years after termination of the employment contract with the defendant. In Grabert, the Louisiana Supreme Court clearly held that the prescriptive period for the recovery of wages for services rendered is three years under C.C. Art. 3494.
Please be advised that it is the opinion of this office that the Terrebonne Parish Consolidated Government has an obligation to the firemen in question with regard to miscalculated vacation time that has not prescribed. As such, it is our opinion that the Parish can, and should, reimburse the firemen in question for all previously miscalculated vacation time that has not prescribed. With regard to miscalculated vacation time that has prescribed, the Parish's obligation is no longer judicially enforceable. CC Art. 1761; Grabert, supra. As such, if the Parish cannot or does not wish to pay the firemen for prescribed miscalculated vacation time, it is our opinion that the Parish cannot be made to do so. CC Art. 3494.
The Parish does however, continue to have a natural obligation to pay this miscalculated vacation time that has prescribed. In accordance with CC 1790; "A natural obligation arises from circumstances in which the law implies a particular moral duty to render a performance." Pertinently CC Art. 1761 provides that "whatever has been freely performed in compliance with a natural obligation may not be reclaimed. A contract made for the performance of a natural obligation is onerous." In accordance with CC Art. 1762, an example of a circumstance giving rise to a natural obligation is when a civil obligation has been extinguished by prescription
We also draw your attention to the following principles, cited in the Revision Comments- 1984 to CC Arts. 1761 1762, contained in the Louisiana Civil Code Desk Book edited by A. N. Yiannopoulos: A natural obligation renders onerous the cause of a promise to fulfill it, thus giving rise to an onerous contract and not to a donation. Capitant, De la cause des obligations 6 (1923); Smith, "A Refresher Course in Cause", 12 La.L.Rev. 2, 4-9 (1951); 1 Litivinoff, Obligations 550-552 (1969). A natural obligation is to be distinguished form a mere generosity, which constitutes a gratuitous cause. A natural obligation gives rise to a moral duty, which may determine the cause as onerous. Caron, Rapport general, 7 TrauVaux de lassociation Henri Capitant 888-889 (1956); 1 Litvbinoff, Obligations 564-568 and 615-618 (1969).
Based upon the foregoing, it is the opinion of this office that the Parish may pay the prescribed vacation time accrued to these firemen, and will not violate the constitution or laws of this state by doing so.
Previous opinions of this office have indicated that the payment of accrued but prescribed compensatory time, and accrued but prescribed annual leave time would be tantamount to a donation of public funds in violation of La. Const. Art. VII, Sec. 14. In light of our opinion herein, those opinions are incorrect. Accordingly, Attorney General's Opinions Nos. 99-339, 99-210 and 90-164 are hereby recalled.
We trust the foregoing to be of assistance. Should you require further clarification or need assistance in other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Date Released: July 29, 2002