954 So.2d 171 (2007)
Kevin B. MURRAY and Todd St. Cyr
v.
CITY OF HARAHAN.
No. 06-CA-737.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 2007.
John J. Messina, Attorney at Law, Kenner, Louisiana, for Plaintiff/Appellant.
Thomas P. Anzelmo, Sr., Andre J. Lagarde, Attorneys at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges WALTER J. ROTHSCHILD, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
FREDERICKA HOMBERG WICKER, Judge.
The judgment on review in this appeal is a grant of a defense exception of prescription and the dismissal of plaintiffs' claims with prejudice. For the reasons that follow, we affirm.
Plaintiffs, Kevin Murray and Todd St. Cyr, have been employed as full time firefighters for the City of Kenner since 1974 and 1988 respectively. On December 18, 2001, the men filed a petition for damages alleging the City of Harahan (Harahan) failed to enroll in the Firefighters' Retirement System (FRS) as mandated by La. *172 R.S. 11:2251 et seq., causing plaintiffs to lose substantial retirement benefits.
Specifically, the petition alleges that, prior to the enactment of La. R.S.11:2252 et seq., Harahan was a participant in the Municipal Employees' Retirement System of Louisiana (MERSA) until it arbitrarily withdrew in October of 1985. Harahan did not enroll in FRS until September 1, 1998. Plaintiffs allege Harahan did not notify the firefighters of its failure to participate in the FRS when the statute was enacted. Consequently, no contributions to their retirement were made during the interim period.
Harahan responded with an answer, affirmative defenses and peremptory exceptions, including no cause of action and prescription. In support of its exceptions, Harahan argued that it did not have the duty to enroll an employee in FRS until the legislature enacted La. R.S. 11:2270, effective July 1, 1995, which provided that the enrollment process shall be complete by December 31, 1995. Therefore, plaintiffs' claims are for lost monetary contributions between January 1, 1996, and August 31, 1998 when both men were enrolled in FRS. Further, Harahan reasons, since claims for unpaid compensation are subject to a liberative prescription period of three years pursuant to La.C.C. art. 3494, this suit filed in December of 2001 is prescribed. These exceptions were denied by the trial court on May 23, 2002.
Discovery continued and Harahan reurged its exception of prescription asserting that both plaintiffs testified in their depositions that they learned of their right to participate in FRS in 1995 or 1996, and enrolled on September 1, 1998. Because this action was filed in December of 2001, Harahan again asserted that the matter had prescribed. After a hearing on the matter, the trial court granted Harahan's exception of prescription and dismissed the matter with prejudice. It is that judgment from which plaintiffs appeal.
On the trial of the peremptory exception prior to the trial of the case, evidence may be introduced to support or controvert any of the objections plead, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931.
The arguments of counsel at trial and in brief to this Court do not question the evidence used to support the exception. Rather, the arguments relate to the correct statutory prescriptive period applicable to this matter. In support of its exception of prescription, Harahan argues that the three year liberative prescriptive period provided by La. C.C. art. 3494 is applicable. Article 3494 provides in pertinent part as follows:
The following actions are subject to a liberative prescription of three years:
(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;.....
La. C.C. art. 3495 provides:
........ This prescription commences to run from the day payment is exigible. It accrues as to past due payments even if there is a continuation of labor, supplies, or other services.
Harahan argues that the amount of damages sued for by plaintiffs constitutes wages and is therefore subject to the prescriptive period of article 3494. Harahan relies on Fishbein v. State ex rel. Louisiana State University Health Science Center, 04-2482 (La.4/12/05), 898 So.2d 1260 for support of its position.
Plaintiffs counter with two arguments presented in the alternative. They argue *173 first that their claim is not one for wages; but rather, it is a personal action for breach of a fiduciary duty arising from the failure of Harahan to follow the statutory mandate of La. R.S. 11:2251 et seq. In the alternative, plaintiffs argue that, since they have not yet retired, the claim is not exigible and prescription has not yet begun to run.
In making the decision to grant the exception of prescription, the trial court relied on Fishbein, finding the claim is exigible, and prescription began to run when the plaintiffs discovered they were entitled to enroll in FRS. By deposition, both plaintiffs admitted that discovery was in 1995 or 1996, they were both enrolled on September 1, 1998, and this suit was filed on December 18, 2001.
In Fishbein, a doctor employed by Louisiana State University Medical Center, brought an action to have her employer consider her supplemental salary in the calculation of her retirement compensation. She argued that the claim became exibible at the time of her retirement and further that the action was a personal action subject to a ten year prescriptive period. The Supreme Court, reversing a decision of the appellate court, disagreed. The Fishbein court held that contributions to retirement plans are a form of deferred compensation and are subject to the three year prescriptive period found in La. C.C. art. 3494. Id. 897 So.2d at 1266. In so ruling, the court found that, although there was a contractual relationship between Dr. Fishbein and LSU, the action against the employer did not arise out of the contractual relationship and was not governed by La. C.C. art. 3499.
The Fishbein court relied on Grabert v. Iberia Parish School Board, 93-2715 (La.7/5/94), 638 So.2d 645. In Grabert, the plaintiffs brought suit for breach of contract against their employer under a four-year employment contract for recovery of past due wages. As the Grabert court explained:
......... Breach of contract is not a free standing cause of action. It is a legal premise, or principle, which gives rise to the right to claim some substantive remedy at law. Here that remedy is the recovery of past due wages.

Id., 638 So.2d at 646
Using the analysis of Grabert, the Fishbein court found that Dr. Fishbein's claim was one for recovery of compensation for services rendered and subject to the three year prescriptive period.
Further, the Fishbein court found the prescriptive period commenced to run pursuant to La. C.C. art. 3495 when Dr. Fishbein learned that the compensation used for the calculation of retirement benefits did not include supplemental pay.
Plaintiffs argue that Fishbein is not applicable and assert that their claim is governed by La. R.S. 11:2262(D)(2), which provides that delinquent payments due by the employer of the firemen can be made current. In support of their position, the plaintiffs cite Foti v. Board of Trustees, 01-1324 (La.App. 5 Cir. 4/10/02), 817 So.2d 233 and Mastio v. Firefighters Pension & Relief Fund, 93-1881 (La.App. 4 Cir. 5/26/94), 637 So.2d 1262; writ denied, 94-1676 (La.10/7/94), 644 So.2d 638.
We are not persuaded by the plaintiffs' argument. La. R.S. 11:2262(D) in pertinent part provides as follows:
D. Pension accumulation fund
The pension accumulation fund shall be the fund in which shall be accumulated all reserves for the payment of all pensions and benefits payable from contributions made by employers. Contributions to and payments from the pension accumulation fund shall be made as follows:

*174 (1) In addition to the assessment collected above, each municipality, parish, or fire protection district which has employees on its fire protection force who become members in the Firefighters' Retirement System shall contribute an amount equal to nine percent of the earnable compensation excluding overtime but including state supplemental pay, of each firefighter eligible for membership in the Firefighters' Retirement System and shall remit this amount monthly to the Firefighters' Retirement System.
(2) Delinquent payments due under R.S. 11:2262(B)(1) and 2262(D)(1) may, with interest at the rate of six percent per annum, be recovered by action in a court of competent jurisdiction against the political subdivision or instrumentality liable therefor or such amounts shall, upon due certification of delinquency and at the request of the Firefighters' Retirement System, be deducted from any other monies payable to such subdivision or instrumentality by any department or agency of the state.
The above cited statute sets up the pension fund for the accumulation of payments made by both the firefighters and their employers. Clearly, under this statute Harahan is obligated to contribute to this fund on behalf of both plaintiffs once they enrolled in the system. Further, the action for delinquent payments provided inures to the benefit of FRS.
In the matter before us there is no assertion that the appropriate funds were not deposited by Harahan since the plaintiffs' enrolled in 1998, nor is there any suggestion that FRS has taken any action to collect delinquent funds from Harahan. Thus, we do not find La. R.S. 11:2262(D)(2) applicable.
Plaintiffs also argue that Fishbein is distinguishable, and that this court should apply the holdings of Mastio v. Firefighters' Pension & Relief Fund, supra, and Foti v. Board of Trustees, supra.
We do not agree with plaintiffs' contention. In Mastio, a disabled firefighter appealed the denial of his request for an increase in his benefits. The Mastio court applied the ten year prescriptive period, although the issue of its applicability was not raised. In Foti, a panel of this court applied the ten year period to a similar appeal from a disability-related pension issue. Both cases involve the recovery of disability benefits, rather then claims related to the payment of contributions into the retirement system.
Finding no merit in plaintiffs' arguments, we find that the trial court correctly applied Fishbein and granted the exception of prescription. Accordingly, we affirm the decision of the trial court.
AFFIRMED.