991 So.2d 67 (2008)
Magid ASSALEH
v.
SHERWOOD FOREST COUNTRY CLUB INC.
No. 2007 CA 1939.
Court of Appeal of Louisiana, First Circuit.
May 2, 2008.
*68 Crosby C. Lyman, Baton Rouge, LA, for Plaintiff/Appellant, Magid Assaleh.
John D. Brady, Baton Rouge, LA, for Defendant/Appellee, Sherwood Forest Country Club.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
Plaintiff, Magid Assaleh, appeals a trial court judgment maintaining the peremptory exception raising the objection of prescription, thereby dismissing his claims to recover money due under a contract of employment. We affirm.

FACTS
Mr. Assaleh was employed as the general manager for Sherwood Forest Country Club (the club) from February 1, 2002 through November 18, 2003. On February 12, 2002, Mr. Assaleh and the club entered into a written employment contract (the contract). The contract provided that the term of employment shall be for a period of three years commencing on February 1, 2002 and ending on January 31, 2003, unless sooner terminated as provided in the contract.[1] The contract set the salary for the general manager at $85,000.00 per year. The contract further provided that the club would pay on behalf of the general manager all dues to professional associations to which he belonged in conjunction with his duties as general manager and further, would reimburse him for reasonable expenses incurred in maintaining his level of professional skills when such expenses were incurred at the direction of the club. The parties also agreed, by addendum to the contract, to an incentive program by which the general manager would be entitled to earn incentives should the club experience a positive cash flow by achieving a net increase in total membership.
*69 The contract provided that the club could terminate the contract for cause, deemed to be the commission of a felony, fraud, misappropriation, or embezzlement, upon thirty days written notice to the general manager prior to the effective date of such termination. The contract also contained a provision by which either party could terminate the employment agreement by giving a ninety-day written notice to the other party. If such notice was not given, the agreement would be extended for an additional period of one year beyond the period stated in the agreement under the same conditions and terms.
On November 18, 2003, the Board of Governors of the club eliminated the position of general manager. By letter dated December 10, 2003, the president of the club notified Mr. Assaleh that his services would no longer be required effective November 18, 2003. The club continued to pay Mr. Assaleh's salary as well as his health insurance coverage as severance pay through February 16, 2004 (ninety days from November 18, 2003).
Mr. Assaleh filed suit on May 16, 2007, which he amended on July 6, 2007, alleging that the unilateral decision to retroactively terminate his employment contract deprived him of the ninety-day written notice agreed upon. He also alleged that he was owed ten days of accumulated vacation time at his daily periodic rate of $326.92 and that the payment of his health insurance premium was cut short. He alleged that he spent numerous extra hours and days supervising an ambitious remodeling project undertaken by the club, preventing him from attending certain functions associated with the maintenance of his professional skills. As such, he contends that the club agreed to pay him a $3,000.00 bonus in lieu of having to pay his expenses to maintain his level of professional skills. He asserts that the club still owes him $780.00 of the $3,000.00 bonus. Finally, he claims that the club has refused all demands to tender to him payment of incentives due as a result of enhanced membership and increased profitability during his tenure as general manager. Mr. Assaleh also claimed that the club's continuing failure to pay him constituted a violation of the provisions of La. R.S. 23:631(A)(1)(a)[2] and triggered the penalty provisions provided in La. R.S. 23:632.[3]
In response to the lawsuit, the club filed a peremptory exception of prescription, urging that all of plaintiffs claims were prescribed on their face under La. Civ. Code art. 3494. Mr. Assaleh's petition alleged at paragraph six: "On November 18, 2003 the Board of Governors of Sherwood eliminated the position of General *70 Manager. In accordance with the contract, Sherwood paid Magid's contractual compensation for 90 days through February 16, 2004." Mr. Assaleh did not file suit until May 16, 2007. Therefore, the club asserts that Mr. Assaleh's claims have prescribed on the face of the petition. Mr. Assaleh opposed the exception by arguing that his claims are subject to varying prescriptive periods, including a prescriptive period of ten years for his claim of breach of contract under La. Civ.Code art. 3499.
The trial court sustained the exception, finding that all of plaintiffs claims are claims for compensation that arise out of an alleged breach of the employment contract and are thereby governed by the three-year prescriptive period found in La. Civ.Code art. 3494. Mr. Assaleh appeals. The club has answered the appeal, asserting that there is no basis in law or in fact to support this appeal; therefore, the club seeks attorney fees for services rendered to defend the allegedly frivolous appeal.

ASSIGNMENTS OF ERROR
On appeal, Mr. Assaleh contends that the trial court erred in characterizing all of his claims as claims for past due wages and thus erroneously applied a three-year prescriptive period to all of his claims. In addition, Mr. Assaleh asserts that the trial court erred in failing to suspend the applicable prescriptive periods by not applying Executive Orders No. KBB 2005-32, 2005-48 and 2005-67 to this case.

LAW AND ANALYSIS
The party bringing an exception of prescription normally bears the burden of proof at the hearing of the exception. Hudson v. East Baton Rouge Parish School Board, XXXX-XXXX, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 282, 286. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action is not prescribed, because prescription has been interrupted or suspended in some manner. Campo v. Correa, 2001-2707, p. 7 (La.6/21/02), 828 So.2d 502, 508. Here, there is disagreement as to which prescriptive period applies.
The club argues that La. Civ.Code art. 3494 applies to all of plaintiff's claims. Louisiana Civil Code art. 3494 states in pertinent part:
The following actions are subject to a liberative prescription of three years:
(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging and board;....
Plaintiffs claims are for compensation for unused vacation time and for money earned under an incentive program incorporated into the employment contract,[4] wages that he should have earned during the ninety-day period after notice was given as required by the employment agreement, and for reimbursement of expenses. Mr. Assaleh contends that the two latter claims are not for compensation for services rendered, but rather are claims for the recovery for services that he was not given the opportunity to render because he was "sent away" on February 16, 2004,[5] *71 and for reimbursement of expenses, which are not wages.
Mr. Assaleh contends that the club's insistence that the ninety-day notice run from November 18, 2003 (the date the Board of Governors eliminated his position) rather than from December 10, 2003 (the date he actually received written notice of the termination) constitutes a breach of the contract. Mr. Assaleh contends that the club's unilateral decision to retroactively terminate his employment contract deprived him of the agreed upon ninety-day written notice, placing his claim squarely under La. Civ.Code art. 2749, and therefore not subject to the prescriptive period found in La. Civ.Code art. 3494.
In supporting his position that there is a distinction between compensation that has been earned and not paid and compensation that an employee is not allowed to earn, Mr. Assaleh relies upon this court's opinions in Prevost v. Eye Care and Surgery Center, 93-1016 (La.App. 1 Cir. 4/8/94), 635 So.2d 765, writ denied, 94-1214 (La.7/1/94), 639 So.2d 1168 and Loup v. Louisiana State School for the Deaf, 98-0329 (La.App. 1 Cir. 2/19/99), 729 So.2d 689. We find both of these cases distinguishable from the instant case.[6] Both Prevost and Loup dealt with situations where an employee was given a contract for a specific term, but was terminated without cause and not paid for the remainder of the term. Moreover, neither of these cases raised the objection of prescription as both cases were filed timely. Therefore, this court was not called upon to determine whether those actions would have been subject to the three-year prescriptive period of La. Civ.Code art. 3494. Moreover, significantly and contrary to the contracts involved in the cited cases, the contract herein provides that it could be terminated by either party without cause upon providing a ninety-day written notice.
We are guided by the Louisiana Supreme Court opinion in Grabert v. Iberia Parish School Board, 93-2715 (La.7/5/94), 638 So.2d 645. In Grabert, tenured supervisory level employees who worked under four-year employment contracts with the Iberia Parish School Board brought suit alleging that the Board had breached their respective contracts by paying less than they were due under the appropriate salary index. The Board pled prescription, arguing that the three-year prescriptive period provided by La. Civ.Code art. 3494 applied to suits filed for the recovery of past due wages. Plaintiffs argued, and the court of appeal agreed, that their claims were for breach of contract, a personal action, which prescribes in ten years under La. Civ.Code art. 3499. The supreme court reversed and held:
A petition claiming breach of contract by the payment of wages less than what is due and seeking judgment for the underpaid wages is clearly a cause of action asserting the right to recover unpaid wages. Breach of contract is *72 not a free standing cause of action. It is a legal premise, or principle, which gives rise to the right to claim some substantive remedy at law. Here that remedy is the recovery of past due wages....
The nature of the claim (for under paid wages) is not something different because it arises out of breach of contract. The contract breached made provisions for the very wages sought.
Grabert, 93-2715 at p. 2, 638 So.2d at 646-647.
The supreme court further recognized that a claim for underpaid "compensation for services rendered" is a personal action as defined by La.Code Civ. P. art. 422. However, the court noted that the ten-year prescriptive period set forth in La. Civ. Code art. 3499 only applies to personal actions "unless otherwise provided for by legislation." The court reasoned that the prescriptive period for past due wages is otherwise provided for in Article 3494. Id., 93-2715 at pp. 2-3, 638 So.2d at 647.
In our view, at best Mr. Assaleh has stated a claim for "additional salary" or "additional severance pay" until March 9, 2004 (as opposed to February 16, 2004) or ninety days from the date of written notification of termination, December 10, 2003. We find unpersuasive Mr. Assaleh's arguments that he was not given the opportunity to earn compensation due to the club's alleged breach of contract, and that his claims are subject to the ten-year prescriptive period found in La. Civ.Code art. 3499. As noted by the supreme court in Grabert, virtually all claims for wages arise out of a breach of contract, oral or written. However, La. Civ.Code art. 3494 provides an exception to the ten-year prescriptive period found in Article 3499 for claims based on the recovery of wages.
We also find unpersuasive Mr. Assaleh's argument that his claim for expenses owed him as a consequence of the employment relationship are not governed by the three-year prescriptive period because reimbursement of expenses cannot be considered compensation.[7] The very language of La. Civ.Code art. 3494 provides for a three-year period in which to bring "an action for the recovery of ... money...." All of Mr. Assaleh's claims arise from his employment relationship with the club, and we find that all of the claims are subject to the prescriptive period set forth in Article 3494.
Having found that the three-year prescriptive period applies to all of Mr. Assaleh's claims, we find that all claims are prescribed. The very latest that Mr. Assaleh's claims would have accrued would have been March 9, 2004 (a leap year), or ninety days from the date he received written notice of termination. At that time, Mr. Assaleh should have been aware that he would receive no additional compensation or reimbursement from the club. Mr. Assaleh did not file suit until May 16, 2007.

Suspension of Prescription
Mr. Assaleh contends that the trial court erred in failing to apply Executive Orders Nos. KBB 2005-32, 2005-48 and 2005-67, issued by the Governor of Louisiana following Hurricane Katrina. Executive Order No. KBB 2005-32, § 1 provided that "all deadlines in legal proceedings, including liberative prescription and preemptive periods in all courts, are hereby suspended until at least September 25, 2005." Executive Order No. KBB 2005-48 extended that time period until October 25, 2005 in all parishes except Calcasieu, Cameron, *73 Jefferson Davis and Vermillion. Executive Order KBB 2005-67 extended the legal deadlines in those four parishes until November 25, 2005.
Louisiana Revised Statutes 9:5821 to 9:5825 were subsequently passed by the state legislature to codify the governor's executive orders regarding prescription and peremption of rights. La. R.S. 9:5822(A) provides, in pertinent part:
All prescriptions, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006. This limited suspension and/or extension shall terminate on January 3, 2006, and any right, claim, or action which would have expired during the time period of August 26, 2005, through January 3, 2006, shall lapse on January 4, 2006.

(Emphasis supplied.)
We find no merit to this assignment of error. In the first instance, it does not appear that this argument was ever made to the trial court,[8] and thus, under the Uniform Rules, Louisiana Courts of Appeal, Rule 1-3, we cannot consider it.
However, in an abundance of caution, we note that having reviewed Mr. Assaleh's assertion, we find it to be without merit. Mr. Assaleh erroneously interprets this legislation as providing an automatic eighty-nine day suspension of prescription in all instances. In addition, he argues that pursuant to La. R.S. 23:632, the club had until the next regular payday or fifteen days following the date of his discharge to pay him. Therefore, he contends the earliest date that the prescriptive period could commence, based on a discharge date of February 16, 2004, was March 2, 2004.[9] Mr. Assaleh then contends assuming that a three-year prescriptive period applies to some of his claims, his suit should have been filed March 2, 2007; however, he reads the statute as allowing him to automatically add eighty-nine days to the prescriptive period, and he contends there are less than eighty-nine days between March 2, 2007 and May 16, 2007, the day he filed suit. The legislation does not so provide. The legislation only provides that the time for instituting suit would be extended until January 4, 2006, for all claims that would have prescribed between November 25, 2005 and January 3, 2006. Mr. Assaleh's claims would not have prescribed between November 25, 2005 and January 3, 2006. The statute does not have the effect of extending all prescriptive periods for eighty-nine days. Accordingly, we find the prescriptive period was not suspended.

Frivolous Appeal
The club has answered the appeal seeking attorney fees from Mr. Assaleh for a frivolous appeal. The imposition of damages for a frivolous appeal is provided *74 for in La.Code Civ. P. art. 2164.[10] Courts have been very reluctant to grant damages under this article, as it is penal in nature and must be strictly construed. Cajun Constructors, Inc. v. Fleming Construction Co., Inc., XXXX-XXXX pp. 17-18 (La.App. 1 Cir. 11/15/06), 951 So.2d 208, 220, writ denied, XXXX-XXXX (La.4/5/07), 954 So.2d 146. Even when an appeal lacks serious legal merit, damages for a frivolous appeal will not be awarded unless it is clear that the appeal was taken solely for the purpose of delay or that appellant is not serious in the position he advocates. Dukes v. Sherwood Acres Apartments, XXXX-XXXX, pp. 3-4 (La.App. 1 Cir. 12/30/04), 898 So.2d 416, 418.
We have carefully considered the club's request for attorney fees for frivolous appeal, but based on our review of the record, we do not find that such an award is warranted. Although we have determined that Mr. Assaleh's appeal lacks merit, we cannot say that this appeal was taken solely for the purpose of delay or harassment We also believe that Mr. Assaleh was serious in the position he advocated. Therefore, we decline to assess penalties in the form of damages for a frivolous appeal.
For the foregoing reasons, we affirm the judgment of the trial court, granting defendant's Exception of Prescription and dismissing plaintiff's claims. We decline to award defendant's request for attorney fees for frivolous appeal. Costs of this appeal are assessed against the appellant, Magid Assaleh.
AFFIRMED.
NOTES
[1] On its face, this provision appears incorrect, but it is exactly as stated in the contract.
[2] La. R.S. 23:631(A)(1)(a) provides:

Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.
[3] La. R.S. 23:632 provides:

Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or the employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
[4] Mr. Assaleh now concedes that these two claims are governed by the three-year prescriptive period provided in La. Civ.Code art. 3494 because they are clearly claims for past due wages; however, as discussed later in this opinion, Mr. Assaleh contends that prescription was tolled as to these claims.
[5] In stating this claim, Mr. Assaleh relies on La. Civ.Code art. 2749 which provides:

If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.
[6] In Prevost, this court found that an employment contract between a physician and a professional medical corporation provided employment for a specific duration and was not subject to termination at will. The term of the contract was for one year, subject to an automatic renewal for another one-year period without contrary written notice. In Loup, this court held that a "statement of understanding" entered into by a teacher and a school constituted an employment contract for a specific term of sixteen days, entitling the teacher to be paid for the full term of sixteen days.
[7] We note that the Amended Petition is silent concerning what these expenses are alleged to be.
[8] The record does not contain an opposition to the exception of prescription. Moreover, the trial court's reasons for judgment do not discuss the issue of suspension of prescription based on the later codified Katrina executive orders; therefore, we can only assume that this issue was never raised in the trial court.
[9] We do not address the propriety of the argument that prescription should not have run until at least March 2, 2004, because it does not change our conclusion, as we earlier reasoned that prescription may not have commenced to run until March 9, 2004.
[10] Article 2164 provides:

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.